[Nos. 1355-7.    December 8, 1911.]

RAFAEL TAGLIAFERRI, Appellee and Cross Appellant, v. CAESAR GRANDE, Appellant and Cross Appellee.

### SYLLABUS (BY THE COURT).

1.   A description in a written instrument calling for an acequia as a boundary carries title, (in the absence of some words clearly importing a different intention) to the center of such acequia.

2.   Testimony tendered considered and held to constitute no such evidence of estoppel as would render it admissible.

3.   Testimony erroneously received will not, in a case disposed of by the court upon peremptory instruction to the jury, be deemed a ground of reversal unless it appears that the court considered such in reaching its conclusion.

4.   Muniments of title, prior to that immediately into the party having use for such at a trial, are presumptively in the possession of the persons to whom made and such presumption of fact stands prima facie as a sufficient showing, justifying the use of the record of such title papers, under Compiled Laws 3965, allowing the use of the record where the original is not in the hands of the party wishing to use it.

5.   That the court erroneously declined upon defendant's motion to order an election as to which of the two counts plaintiff would proceed upon, is harmless where a verdict resulted against defendant as a matter of law upon one count and no judgment went against him as to the other.

6.   Where a proceeding is rendered nugatory by reason of the fact that the judgment as rendered below fails to embody a conclusion of law inevitably resulting from the case as presented, but which is necessary to effectuate the proceeding, this court will modify the judgment below by inserting such conclusion and will affirm the judgment as so modified.

Appeal from the District Court for Bernalillo County,

before IRA A. ABBOTT, Associate Justice. Affirmed as modified.

NEILL B. FIELD for Defendant and Appellant.

Allegations of two counts of complaint are inconsistent. Budd v. Bingham, 18 Barb. 496; Bigelow v. Gove, 7 Cal. 133; Bliss on Code Pleading, sec. 412; Shipman on Pleading 211.

It was error to admit record of a power of attorney without preliminary proof required by statute. C. L. 1897, secs. 3965, 4010-4014; Kirchner v. Laughlin, 6 N. M. 300; Freeman on Judgments, secs. 415, 416; 4 Wigmore on Evidence, par. 2425; Dewitt v. Berry, 134 U. S. 306; Steamboat v. U. P. Co., 109 U. S. 681; Bryan v. Swain, 56 Cal. 616; Jones v. Wood, 16 Pa. St. 25; Davenport v. Whisler, 46 Ia. 287; Slocum v. Bracy, 55 Minn. 249.

The facts offered to be shown, if true, constituted a complete defense to the plaintiff's right of action, and the evidence when offered could not properly be excluded. Chaves v. Myer, 13 N. M. 368; Clark v. Ross, 96 Iowa 408; Meyer v. McLean, 2 John. 183; Express Co. v. Hunnicutt, 28 Am. Rep. 387; 2 Wigmore Ev., sec. 1082; Denton v. Perry, 5 Vt. 382; Waterman v. Johnson, 13 Pick. 261; Tomlin v. Cox, 19 N. J. L. 76; Townsend v. Johnson, 3 N. J. L. 279; Horner v. Stillwell, 35 N. J. L. 307; Ten Eyck v. Runk, 26 N. J. L. 513; Padgett v. Lawrence, 10 Paige's Chancery 170; Crafts v. Hibbard, 45 Mass. 438; Kellogg v. Smith, 61 Mass. 375.

Boundary did not extend to center of ditch. Hardin v. Jordan, 140 U. S. 371; St. Louis v. Rutz, 138 U. S. 242; U. S. v. Rio Grande Irrigation Co., 174 U. S. 698; C. L. 1897, secs. 52, 53; Barney v. Keokuk, 94 U. S. 338; Bishop v. Seeley, 18 Conn. 389; Morgan v. Bass, 14 Fed. 454; Carter v. R. R. Co., 53 Am. Rep. 116; Warner v. Sputworth, 6 Conn. 471; Canal Co. v. Edwards, 36 Conn. 476; Goodyear v. Shanahan, 43 Conn. 204.

That construction should be adopted which will effectuate the intention of the parties. Agawan Canal Co. v. Edwards, 36 Conn. 476; Goodyear v. Shanahan, 43 ·

Conn. 204; Proctor v. Railroad Co., 96 Me. 458; Hall v. Davis, 36 N. H. 569; Prentiss v. Brewer, 86 Am. Dec. 730; Maxwell Land Grant Co. v. Dawson, 151 U. S. 586; Fitch v. Baldwin, 17 Johns. 161; Herse v. Questa, 91 N. Y. Supp. 778; Cutler v. Callison, 72 Ill. 113; Hubbard v. Stearns, 86 Ill. 35; McNamara v. Seaton, 82 Ill. 498; Smith v. Hamilton, 20 Mich. 433; Rydalch v. Anderson, 107 Pac. 25; Wells v. Jackson Co., 47 N. H. 235; Sanborn v. Clough, 40 N. H. 316; Colby v. Collins, 41 N. H. 304.

Plaintiff has not shown that he was ever in possession of the strip of land which was actually in controversy. C. L. 1897, sec. 8; Laws 1903, p. 176; Harrison v. Gallegos, 13 N. M. 9; Dunbar v. Green, 198 U. S. 166; Hardy v. Johnson, 1 Wall. 373; Bergere v. Chaves, 14 N. M. 363.

A sale of land by a disseisee in New Mexico is void. 4 Kent. Com. 446; Brinley v. Whiting, 22 Mass. 347; Peck v. Heurich, 167 U. S. 624; Gant v. Hunsicker, 55 Am. Dec. 413; Thalheimer v. Brickeroff, 15 Am. Dec. 321.

Where a motion for new trial is not filed in time, the appellate court will not review the action of the trial court. Schofield v. Slaughter, 9 N. M. 422; Hendry v. Cartwright, 13 N. M. 384; Armijo v. Armijo, 181 U. S. 558.

MARRON & WOOD for Plaintiff, Appellee and Cross Appellant.

Boundary was in center of acequia. Boston v. Richardson, 13 Allen 154; 3 Washburn on Real Property, 5 ed. 452; Tiedeman on Real Property, secs. 833, 836, 838; Warner v. Southworth, 6 Conn. 471; Morrison v. Keane, 3 Me. 474; Dunkley v. Wilton R. Co., 24 N. H. 489; Causler v. Henderson, 64 N. C. 469; Warren v. Gloversville, 80 N. Y. Sup. 912; 4 A. & E. Enc. 832; C. L. 1897, secs. 17, 52, 53.

Evidence offered irrelevant as to issue of estoppel. Brown v. Brown, 30 N. Y. 541; 3 Washburn on Real Property 80.

Complaint properly joined counts of ejectment and

trespass. C. L., sec. 2485, sub-secs. 33, 39; Lockhart v. Wills, 9 N. M. 359; Bendlenthal v. St. Ry. Co., 43 Mo. Ap. 463; Rece v. Edwards, 131 U. S., 25 L. ed. 976; 3 Cyc. 383; Pierce v. Strickler, 9 N. M. 344.

Establishing either legal title or prior possession was sufficient to maintain action. Tiedeman on Real Property, secs. 827, et seq.; Brander v. Leddy, 67 Cal. 43; Armijo v. N. M. Co., 3 N. M. 244; Bradshaw v. Ashley, 180 U S. 59; Hill v. Braper, 10 Barb. 458; Zillmer v. Gerichten, Cal., 43 Pac. 408; Plume v. Seward, 4 Cal. 94; 60 Am. Dec. 599; 15 Cyc. 30, 37.

Where the verdict of the jury is proper and the judgment is irregular, the court on appeal will modify the judgment to conform to the verdict and affirm the case. Merrinan v. Knight, 54 Pac. 656; 3 Cyc. 428; Laws 1907, chap. 57, sec. 38.

## STATEMENT OF THE CASE.

Tagliaferri, the appellee, sued Grande, the appellant, upon a complaint combining two causes of action. The first was upon an action in the nature of trespass *quare clausum fregit* for six hundred dollars damages, actual and punitive, in having wilfully, wantonly and maliciously broken into and entered upon certain real estate in the City of Albuquerque belonging to plaintiff, in having dug holes therein and set stakes and posts thereon. The second cause of action was in ejectment to recover possession of the premises. The premises are described in the complaint as follows: A parcel of land situated west of Broadway in the City of Albuquerque, New Mexico, and bounded on the north by lands owned or occupied by Mrs. Brault, on the south by lands of Estevan Jaramillo, on the east by Broadway in said city, and the west by the acequia of Barelas, the west boundary being the center of the said ditch or acequia of Barelas. The trespass and ouster are each laid on April 13, 1908, and the action was filed on February 17, 1910. The defendant answered, in substance denying plaintiff's allegations and alleging affirmatively certain facts to be later discussed, as constituting estoppel against plaintiff's claim. Issue was joined on

this latter and the cause was tried to a jury. At the inception of the trial, and also upon the conclusion of plaintiff's case, defendant moved that plaintiff elect upon which count he would proceed but this motion was denied by the court. Upon the conclusion of all the testimony each side moved for a peremptory instruction in its favor, there being a mutual disclaimer that the case under the proofs admitted presented any issue for the jury. By direction of the court the jury returned the following verdict: "We, the jury, by direction of the court, find the issues in the above cause for the plaintiff, and that he is entitled to the premises described in the complaint, to-wit: "A parcel of land situate west of Broadway in the City of Albuquerque, New Mexico, and bounded as follows: On the north by lands owned or occupied by Mrs. Brault; on the south by lands of Estevan Jaramillo; on the east by Broadway in said city; on the west by the Acequia of Barelas, and assess his damages for their detention and the trespass at the sum of One Dollar ($1.00)." · The defendant moved for a new trial on numerous grounds, which motion was denied. Plaintiff moved for such a judgment on the verdict as would embody the declaration of the complaint that the west boundary was at the center of the ditch or acequia of Barelas, which motion was also denied. From a judgment literally conforming to the verdict in its description of the property, both parties have appealed.

## OPINION OF THE COURT.

POPE, C. J.—(After making the foregoing statement of facts:)—The present controversy turns substantially upon a single question, where was plaintiff's west boundary? Defendant and plaintiff held under one Gentile, a common grantor. Plaintiff's right of possession flowed from a muniment of title superior in point of time to defendant's. His contract of sale from Gentile, evidenced by two memoranda, was dated January 20-23, 1905. He made an initial payment and was placed in possession immediately and on June 20, 1909, he received a deed according to the description of his contract from the Jesuit Society, successor in title of Gentile. Each of

these descriptions conformed strictly with that embodied in the verdict, giving the west boundary as the Acequia of Barelas. Intermediate between plaintiff's contract and deed, Gentile made defendant a deed, dated January 3, 1907, covering land just west of plaintiff's property but giving as the east boundary simply the land of grantor, Gentile. There is no contention that defendant was not fully aware when he took his deed, as to the extent of plaintiff's paper title and the case at bar resolves itself largely into a question of the meaning of the words, "on the west by the Acequia of Barelas." Plaintiff contends that the legal import of these is the center of the ditch or acequia. Defendant, on the other hand, claims that this is not the rule as to artificial water courses, especially in view of our local legislation as to ditches, and that under all the circumstances of the case it was permissible to show, as in the case of ambiguous boundary calls, that the real west boundary was orally understood between Gentile and plaintiff, after the making of the memoranda of January 20-23, 1905, to be along a certain line a few feet east of the acequia embankment, the marking of which by defendant by the erection of a fence in 1908, constituted the trespass and ouster upon which plaintiff declares. Defendant says that this fence line must, under the circumstances, be deemed the definition of where "the Acequia of Barelas" was, and thus the west boundary of plaintiff's land. The trial court concurred in plaintiff's contention that the boundary was at the middle line of the ditch and rejected oral proof on the subject as tending to vary the terms of the muniments of title. The court's ruling brings up two questions; first, as to the legal import of the boundary call and, second, as to the admissibility of the oral proofs in alleged elucidation thereof. The rule is general that where a natural object having extension is named as a boundary, the line runs to the middle of the object. This has been repeatedly held as to non-navigable rivers and lakes and also trees. The rule has also been extended to artificial objects of like character to those above stated, although in the case of objects, such as houses, where the support of the soil even to the center of the earth is an

element of the tenure, the line stops at the beginning of the object, agreeably to the principle that with the ceasing of the reason of the rule the rule itself ceases. The reason for the general rule is found not only in the consideration last named, but in the further fact that it affords a definite and convenient rule by which to ascertain and know boundaries and also prevents an anomalous condition where the soil underlying natural objects would be invariably left to the ownership of the public rather than to abutting property owners. The reasons thus applying to natural objects and water courses impress us as applicable equally to an artificial object, such as a ditch. The rule is stated in 3 Washburn on Real Property (5th ed.) 452, 453, quoting from Boston v. Richardson, 13 Allen 154, as follows: "Whenever land is described as bounded by other land, or by a building, the name of which, according to its legal and ordinary meaning, includes the title to the land of which it has been made part, as a house, a mill, a wharf, or the like, the side of the land or structure referred to as a boundary is the limit of the grant; but when the boundary line is simply by an object, whether natural or artificial, the name of which is used in ordinary speech as defining a boundary, and not as describing a title in fee, and which does not, in its description or nature, include the earth as far down as the grantor owns, and yet which has width, as in the case of a way, a river, a ditch, a wall, a fence, a tree, or a stake and stones, then the center of the thing so running over or standing on the land is the boundary of the lot granted." That this principle extends to artificial objects such as ditches, is stated in 5 Cyc. 901, in the following language: "The owner of land lying upon canals, ditches, or mill-races will usually take to the center thereof in the absence of a clear showing to the contrary in the grant or conveyance from which such owners derive their title." Likewise in 4 A. & E. Ency. (2nd ed.) 832, is found the following language: "The rule in regard to lands bounded on a non-navigable stream applies also to lands bounded upon artificial watercourse, as a canal, a ditch, or such like. In either case the presumption is that the adjoining land owner has title to the center of the

stream." The text in each instance is supported by ample authority. We find nothing in the cases cited by appellant, McManus v. Carmichael, 3 Ia. 1, and Bishop v. Seeley, 18 Conn. 389, to disturb our confidence in this as the true rule both upon reason and upon authority. Nor do we find anything in our acequia statutes, as embodied in C. L., sec. 8, as amended by Laws 1903, p. 176, and in C. L., secs. 52, 53, to make the rule different in this territory. While the right of way occupied by the ditch pertains to it for all purposes necessary to its use, the fee, subject to this, remains in the owner of the land bounding upon it. Our legislature has recognized this rather than the contrary in its provision, C. L., sec. 17, to the effect that, "All plants of any description growing on the banks of said ditches or acequias shall belong to the owners of the land through which said ditches or acequias run."

We deem it, therefore, the law of this jurisdiction that a boundary call for an irrigating ditch goes, in the absence of some contrary intent manifested in the instrument, to the middle of the ditch.

The foregoing to a large extent disposes of the tender of testimony on this point by defendant, but as this is relied upon in the answer also as a ground of estoppel, we consider it from that point of view. It was sought to prove on the trial that when plaintiff Tagliaferri first attempted to construct a kitchen upon the lot in question, the mayor domo of the acequia requested him to move it back from the ditch to the line subsequently marked by the fence and that plaintiff did so, all this being in 1905. It was also sought to show that at some date between the contract of sale and the date of the deed, plaintiff was on the ground with Father Capilupi, the attorney in fact for the owner Gentile, and that Father Capilupi pointed out to plaintiff the west boundary of the land which had been sold him, the boundary being the line of the fence above mentioned, and that Tagliaferri agreed to that as the west boundary of the land and afterwards accepted the deed with knowledge of that boundary. Each of these tenders of testimony was rejected, both on cross examination of plaintiff and when offered as a part of defendant's

own case. We are of opinion that the testimony was properly rejected in each instance. What passed between the mayor domo and plaintiff as to the extent of the right of way for ditch purposes was manifestly of no relevancy as fixing the rights of plaintiff and defendant. Nor can any higher effect be given what passed between Gentile's agent and plaintiff. The latter, at the time of the alleged conversation, had a contract from Gentile by which he had bought a lot going to the acequia, which we have held to mean the center thereof. A mere oral agreement upon no consideration to take a more restricted piece of land would not be efficacious even between the parties. Later a deed from the Jesuit Society, the successor of Gentile, into which all these prior conversations and other transactions must be deemed merged, reiterated that plaintiff's rights were in legal effect to the center of the ditch, so that from that angle the oral agreement sought to be established would have had no effect as between plaintiff and Gentile. If not of any relevancy as between them, much less as between plaintiff and Grande. The latter is not shown even to have known of this at the time he bought in 1907, nor, indeed, is it shown to have occurred before he bought. From the standpoint of an estoppel, therefore, it lacks material elements to constitute it of any materiality, and the trial court was right in rejecting it as proof in the cause.

Complaint is made of the admission of a number of items of testimony. Illustrations of these are the assignment that the judgment in Capilupi v. Doe, was erroneously received, that the court improperly permitted the witness Ogle to testify to matters of hearsay and that it improperly allowed a map made by him to go to the jury. It seems sufficient to say as to most of these that a careful examination of the record fails to show that the testimony, if improperly received, was prejudicial. The case having gone off upon an instruction of the court for a peremptory verdict no testimony improperly received is to be deemed prejudicial unless it manifestly entered into the consideration of the court in making such disposition of the cause. Radcliffe v. Chaves,

15 N. M. 258. It is further to be observed that, discarding these items of evidence from consideration as elements of proof, the decision of the court was still manifestly correct. One assignment of error in the admission of evidence, however, calls for especial mention, this being the claim that the power of attorney from Gentile to Father Capilupi was erroneously received. This assignment, if well taken, is a serious one since plaintiff's muniments were executed by Capilupi on behalf of Gentile and if the former was not duly authorized thereto the plaintiff's case, which must stand by its own strength, must fall. The complaint is that the court admitted the record of the power of attorney in the office of the probate clerk, without requiring proof that the original was not in the hands of plaintiff. It is urged that this was error, since Compiled Laws, sec. 3965, admits the record only where "it be proved to the court that said writing is lost or that it is not in the hands of the party wishing to use it." The power of attorney in question, however, was not only to Capilupi to do this particular act, but a general authority to act for Gentile in matters connected with real estate in Bernalillo county. Its presumptive custody at the time of the trial was, therefore, not with plaintiff, but with Capilupi and this presumption of fact, in the absence of something rebutting it, stood as a compliance with the statutory requirement as to preliminary proof. This we understand to be the holding of Probst v. Presbyterian Church, 129 U. S. 182, 187, and it is followed as controlling authority.

It is further urged that the court below erred in not requiring plaintiff to elect as to the cause of action upon which he would proceed. It is said that the actions of trespass and of ejectment are absolutely inconsistent in that one proceeds upon the theory of injury to the possession and the other upon the absence of possession. Appellant cites Budd v. Bingham, 18 Barb. 496, and Bigelow v. Gore, 7 Cal. 133, in support of his contention. On the other hand, appellee contends that the doctrine insisted upon has no place under our code system allowing actions arising out of the same transaction or con-

nected with the same subject of action to be united. C. L. 2685, sub-sec. 33. We find it unnecessary to decide this, however, for the reason that the refusal of the court to order an election was entirely without prejudice to appellant. At the close of the proofs plaintiff announced that he did not insist upon a recovery under the first count and the instructed verdict, while not in terms limited to the ejectment count, was in effect so limited since it ran simply for the possession of the premises and nominal damages of one dollar, resulting from the successful issue of the claimed possession. No damages were allowed on the trespass count. It would be entirely useless, therefore, to order a new trial because of the court's retaining a count upon which there was no finding against appellant. It cannot even be urged that defendant was prejudiced, by the presence of both counts, in defending against each before the jury for, as we have seen, the case became purely one of law and was determined without the jury's considering it. To the final contention of appellants, that plaintiff should not have recovered because he held by deed to property in the adverse possession of a person other than his grantor, it need only be said that the facts of the case do not show a sale by a disseisee, and it thus becomes unnecessary to determine whether the English Statute of Champerty (32 Henry VIII) is in the respect here asserted in force in New Mexico.

There remains for determination the point made upon cross-appeal that the court should, in entering judgment, have defined the west boundary as named in the verdict so as to show that it went to the center of the acequia. That this is the legal effect of the description, is pointed out above. That the judgment as rendered fails to embody this very point at issue is mutually conceded. There should be an end of litigation. In conferring upon this court the power to give such judgment other than reversal or affirmance "as to it shall seem agreeable to law," (Laws 1907, ch. 57, sec. 38), it was the evident legislative intent that litigation should not be rendered ineffectual simply because of an inadvertance

of form in the judgment brought up. To remand the case because of this would avail nothing since upon the law the plaintiff must recover. ·The duty is therefore plain that this court should modify the judgment below by adding after the description therein contained the words "the western boundary being the center of said ditch or acequia of Barelas," and that the judgment as so modified stand affirmed. It is accordingly so ordered, appellant to pay the costs.