201 P.2d 996

CORDOVA v. TOWN OF ATRISCO et al.

No. 5155.

Supreme Court of New Mexico.

Jan. 15, 1949.

A. T. Hannett and George W. Hannett, both of Albuquerque, for appellants.

Allen M. Tonkin and William J. Truswell, both of Albuquerque, for appellee.

COMPTON, Justice.

Appellee, Benny Cordova, instituted proceedings in the usual statutory form to quiet title to lands within the Atrisco Land Grant, described as follows:

"A certain tract of land situate in School District No. 28, Bernalillo County, New Mexico, lying within the boundaries of the Town of Atrisco Grant, and being all of tract 70, Map 43, as shown on M.R.G.C. D. Survey; and additional land adjacent west, bounded on the North by land of John Bonaguidi and Candido Garcia; on the east by Atrisco Road; on the South by Hipolito Herrera, Juan L. Herrera, Rafaeleta Armijo, Reymundo Mares; on the west by top of sand hills within land owned by Town of Atrisco Grant, and more particularly described as follows:

"Beginning at the southeast corner, said corner being S. 76°-10′ W. 814.5 feet from the section corner common to sections 26, 25, 35 and 36, Township 10 N., Range 2 E. of N.M.P.M. and running thence N. 15°-46′ E. 324.4 feet to the northeast corner;

"thence N. 78°-36′ W. 2750.00 feet to the top of the sand hills and the northwest corner;

"thence S. 15°-46′ W. 382.1 feet along the top of sand hills to the southwest corner;

"thence S. 79°-46′ E. 2750.60 feet, containing 22.30 acres, more or less.

"Except: That tract of land belonging to Salvador Jaramillo and more particularly described as follows:

"Beginning at the northeast corner of said excepted tract, said corner being N. 78°-36′ W. 805 feet from the northeast

corner of above described tract, thence running S. 0°-45' E. 179.2 feet to southeast corner;

"thence N. 75°-04' W. 739.0 feet to the southwest corner;

"thence N. 9°-13' E. 143.8 feet to the northwest corner;

"thence S. 78°-36' E. 700.00 feet to the place of beginning,

"Containing 2.67 acres, more or less.

"Net acreage belonging to above described property is 19.63 acres, more or less."

On February 22, 1897 the premises were sold to Manuel Baca, the boundary being defined as follows: "The following property situated in the Atrisco Grant, County of Bernalillo, State of New Mexico, measuring 100 yards from south to north; from east to west 800 yards; Bounded: On the north by land of Clemente Sarrasino; on the south by land of Salbador Errera, deceased; on the east by the new field, and a road; on the west *by the hills.*"

Subsequently, on September 12, 1916, Manuel Baca conveyed the premises to Rosenwald Bros. Inc., the conveyance describing the west boundary as "top of sand hills". On September 12, 1921 Rosenwald Bros. Inc. conveyed the property to Filiciano Chavez and Felipita C. de Chavez, the west boundary again being described as "top of the sand hills", and as being the premises theretofore deeded to Manuel Baca. On September 11, 1937 Felipita C. de Chavez conveyed the premises to appellee Benny Cordova.

It appears that while negotiations were pending appellee made inquiry of the grantor as to acreage and boundaries. The grantor seemingly did not know the exact acreage. The grantor estimated it at 25 acres, and stated: "When you survey it you will find out". Appellee and his grantor's agent, Ambrocio Chavez, measured the premises from north to south and found the distance to be 111 yards. No east-west measurements were taken. The grantor advised appellee that the premises were bounded on the north by the land of Clemente Sarracino, on the south by the land of Salbador Herrera, on the east by the highway and on the west by "top of sand hills", and the conveyance to appellee was made accordingly.

After acquiring the title appellee employed a surveyor to ascertain the exact boundaries. The surveyor, disregarding calls for courses and distances, but by means of adjacent boundaries and natural monuments established the boundaries substantially as alleged in the complaint.

It had been the practice of the Board of Trustees of the Town of Atrisco, where boundaries to lands theretofore conveyed by them were questioned, to give correction deeds or deeds of confirmation. Appellee applied to the Board for a deed based upon the survey, and the Board, upon advise of

its Attorney, delivered a deed quitclaiming its interest in the premises to appellee.

By answer appellants challenged the sufficiency of the complaint to a state claim upon which relief can be granted. Intervening appellants, Frederico Abeyta and Carmelito Sarracino, being successors in interest to the rights of the Town of Atrisco, by answer challenge the validity of the quitclaim deed issued by the Board of Trustees of the Town of Atrisco for failure to comply with the provisions of Chap. 9, Art. 2, N.M.Stat.1941 Comp. relating to the sale of lands of the grant to nonheirs.

The alleged errors are argued under the following points:

(1) "The plaintiff, Benny Cordova, is not an heir of the Town of Atrisco, a corporation, and, therefore, the deed issued by the Board of Trustees of the Town of Atrisco in contravention of their statutory powers was void, and the plaintiff acquired no rights thereunder.

(2) "The intended boundary described as "the top of the sand hills" is so vague, indefinite, and uncertain that it cannot constitute a natural monument.

(3) "The plaintiff has not established by a fair preponderance of the evidence his title to the property covered by the survey description contained in his complaint.

(4) "A judgment in this case giving to the plaintiff his just property rights and to the defendant and intervening defendants their just property rights would not upset all the title to the lands in the town of Atrisco Grant."

The decisive questions are: (a) whether natural monuments and adjacent boundaries control distances and courses, and (b) whether "the hills" referred to in the conveyances is such description as would fix boundaries.

 Thompson on Real Estate, Vol. 6, Par. 3327, dealing with the subject of boundaries, states the rule as follows:

"Generally, in determining boundaries, natural and permanent monuments are the most satisfactory evidence and control all other means of description, in the absence of which the following calls are resorted to, and generally in the order stated: First, natural boundaries; second, artificial marks; third, adjacent boundaries; fourth, course and distance, course controlling distance, or distance course, according to circumstances. Area is the weakest of all means of description. The ground of the rule is that mistakes are deemed more likely to occur with respect to courses and distances than in regard to objects which are visible and permanent. The reason assigned for this rule is that monuments are considered more reliable evidence than courses and distances. A description by course and distance is regarded as the most,

uncertain kind of description, because mistakes are liable to occur in the making of the survey, in entering the minutes of it, and in copying the same from the field-book. 'Consequently, if marked trees and marked corners be found conformably to the calls of the patent, or if watercourses be called for in the patent, or *mountains or other natural objects,* distances must be lengthened or shortened and courses varied so as to conform to those objects'". (Emphasis ours.)

"Some of the natural objects referred to in deeds as monuments are streams, rivers, ponds, lakes, shores, beaches, rocks, highways, streets, trees, and *hills.* They are objects permanent in character which are found on the land as they were placed by nature. Such natural objects serve the same purpose as artificial monuments and are better because more permanent and more readily ascertained. A call for 'the hills' might in many cases be too indefinite a monument, but if there is a *studied repetition of this call in several deeds,* effect must be given to it, and it will prevail over a call for distance." Op. Cit. Vol. 6, Par. 3332. (Emphasis ours.)

The rule is adopted in this jurisdiction. Tietzel v. Southwestern Const. Co., 48 N. M. 567, 154 P.2d 238; Sunmount Co. **v.** Bynner, 35 N.M. 527, 2 P.2d 311; Tagliaferri v. Grande, 16 N.M. 488, 120 P. 730; Canavan v. Dugan, 10 N.M. 316, 62 P. 971.

See also United States v. State Investment Co., 264 U.S. 206, 44 S.Ct. 289, 68 L.Ed. 639.

██ In Tagliaferri v. Grande, supra [16 N.M. 488, 120 P. 732], C. J. Pope, speaking for the court, said:

"The rule is general that where a natural object having extension is named as a boundary, *the line runs to the middle of the object.* This has been repeatedly held as to nonnavigable rivers and lakes and also trees. The rule has also been extended to artificial objects of like character to those above stated, although in the case of objects, such as houses, where the support of the soil even to the center of the earth is an element to the tenure, the line stops at the beginning of the object agreeably to the principle that with the ceasing of the reason of the rule, the rule itself ceases. The reason for the general rule is found not only in the consideration last named, but in the further fact that it affords a definite and convenient rule by which to ascertain and know boundaries". (Emphasis ours.)

██ It is generally held that the intention of the parties, expressed in the conveyance, governs in determining boundaries. Many considerations bear upon the subject, particularly acquiescense, custom and usage.

██ The conveyance of Manuel Baca was in Spanish. It was customary in these

early conveyances to define boundaries by such natural objects as trees, rivers, hills and mountains, so that boundaries could be readily ascertained and determined. That the heirs of the grant so understood the rule appears by the fact that in their application to have the Town of Atrisco incorporated they fixed the east boundary of the grant by "top (ceja) of the hills". The west boundary of the premises in question was never fenced until the land was surveyed. And, according to the calls in appellee's deed, there are no hills 800 yards west of the Atrisco highway, but to the west, 350 feet as found by the surveyor, there appear well defined hills which have been recognized as the boundary since February 22, 1897. The above, together with the fact that appellee is concededly the owner of the premises according to the call for distances, is convincing and substantial evidence that it was the intention of the parties, in the chain of title, that adjacent boundaries rather than calls for distances and courses should control in determining the boundary.

The conclusions reached render unnecessary a discussion of other points.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.