432 P.2d 392

Terry E. WELDON, Plaintiff-Appellee,

v.

Kenneth W. HERON and Robert Heron,
Co-Executors of the Estate of Kenneth
A. Heron, Deceased, Defendants-Appellants.

No. 8229.

Supreme Court of New Mexico.

Oct. 9, 1967.

Kenneth A. Heron, pro se.

Boston E. Witt, Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

Kenneth A. Heron appealed from a judgment quieting the title in Terry E. Weldon to approximately twelve acres of land located south of the town of Chama, New Mexico.

Heron answered Weldon's complaint and filed a counterclaim seeking to quiet title in himself. The trial court found Weldon to be the owner of the land described in the complaint; that he and his predecessors had held the land by adverse possession for more than ten years under color of title and payment of taxes; that Heron had no right, title or interest therein; that Heron had never been in possession of the land; and, that Heron had failed to prove the allegations of his counterclaim.

The court's finding that the land described in the complaint has been adversely held by Weldon and his predecessors for the

statutory period is attacked by Heron as not being supported by substantial evidence. Color of title and payment of taxes are indispensable to gaining title to real estate by adverse possession. Murray Hotel Co. v. Golding, 54 N.M. 149, 216 P.2d 364. Our examination of the record discloses various mesne conveyances to Weldon and his predecessors conveying all of Blocks 23 and 25 of the Martin and Borders Addition to the Town of Chama. These deeds likewise conveyed a portion of what is known as the Depot Grounds of the Denver and Rio Grande Western Railroad, lying southerly and adjacent to the southerly boundary of a street south of Blocks 23 and 25. The conveyances to Weldon's predecessors described the lands as the two blocks and the 18.45 acres of the station grounds by surveyed description. The deed to Weldon in 1963 so described the land, but, in addition, described the entire tract more particularly by a surveyed description of the outside boundaries. This description included a small triangular tract marked Block "A" on some plats in evidence, lying between Block 23 and the Depot Grounds. It also included all of the street on the northerly and westerly side of the two blocks.

■■■ Generally a conveyance of land abutting on a road, street, highway, alley or other way is presumed to include the fee to the centerline of the way, and absent language in the instrument showing a different intention, such presumption will prevail. Nickson v. Garry, 51 N.M. 100, 179 P.2d 524; Annot., 49 A.L.R.2d 982. Our review of the record discloses that the court's finding of adverse possession is substantially supported by the evidence except we fail to find substantial support for the finding insofar as it covers the triangular block designated "A", and to the other streets adjacent thereto on defendants' exhibit 3, and to the northerly half of the street on the northerly side of Block 23, and to the easterly one-half of the street on the east side of Block 23. The record does not disclose that the adverse possession of Weldon or his predecessors commenced under color

of title to those tracts more than ten years prior to filing the complaint in this case. However, where the street or road was laid out along the margin of a subdivision and wholly therein, a conveyance of a parcel thereof abutting on the highway ordinarily includes title to the farther edge of the highway. Annot., 49 A.L.R.2d 982 at 1009, and cases cited. It appears that the street on the westerly side of Blocks 23 and 24 may have been along the outside of the Martin and Borders Addition.

■■■ We find no error in the court's refusal to permit Heron to testify respecting a permissive use of the premises by plaintiff's predecessors. His offer of proof makes it clear that no express permission was ever granted. Implied acquiescence is not necessarily the same as permission. Ivons-Nispel, Inc. v. Lowe, 347 Mass. 760, 200 N.E.2d 282; In re Rawlins Mercantile Co., 251 F. 164 (S.D. Ga.1918). On the contrary, there may be adverse possession where possession is with forbearance of the owner who knew of such possession and failed to prohibit it. Myran v. Smith, 117 Cal.App. 355, 4 P.2d 219. We have examined the offer of proof and find no basis for a conclusion that the trial court erred in refusing it.

■ The trial court's written findings, conclusions and decision were based upon the theory that Weldon held the property by adverse possession. Accordingly, Heron's argument asserting that Weldon's paper title was not good is irrelevant. Heron v. Conder, 77 N.M. 462, 423 P.2d 985. Heron's argument that he was the record owner of the legal title is likewise irrelevant except as it might serve to attack the sufficiency of the evidence to support the finding that Weldon had "color of title" necessary to establish adverse possession. In our view, detailing the evidence would serve no useful purpose. Suffice it to say that a review of the record discloses substantial support in the evidence for the trial court's findings.

■ There is merit to Heron's complaint that the court failed to find one way or the other respecting a small protrusion of land

claimed by his cross-complaint and lying outside but adjacent to some of the western boundaries of the land quieted in Weldon. The court must, when requested, find one way or the other upon a material issue. Rule 52(B)(a)(2) (§ 21–1–1(52)(B)(a)(2), N.M.S.A. 1953); Laumbach v. Laumbach, 58 N.M. 248, 270 P.2d 385. Even though a finding respecting this protrusion alone was not separately requested, we think its inclusion with other land amounted to the request required by the rule.

The final point asserted as error is a cumulative argument based on points resolved by what we have said and is found to be without merit.

The case will be remanded with instructions to vacate the judgment and to proceed in a manner not inconsistent with this opinion. Each party will pay his own costs.

It is so ordered.

MOISE, J., and HENSLEY, Jr., C. J., Ct.App., concur.