599 P.2d 382

Roy L. PARR and Flora E. Parr, his wife, James Howard Parr and Walter R. Parr, Plaintiffs-Appellees,

v.

L. B. WORLEY and Tenneye Maye Worley, his wife, Morris T. Worley and C. Kemble Worley, Defendants-Appellants.

No. 12090.

Supreme Court of New Mexico.

Aug. 27, 1979.

Matkins & Martin, W. T. Martin, Jr., Carlsbad, for defendants-appellants.

Crouch, Parr & Valentine, Walter R. Parr, Las Cruces, for plaintiffs-appellees.

## OPINION

EASLEY, Justice.

Parr sued Worley to quiet title to the mineral interest in land occupied by a public highway. Worley counterclaimed to quiet title in himself. The court granted summary judgment for Parr. We reverse.

The questions are whether a deed conveying land "lying to the East of" the highway includes the east one-half of the highway and whether a designation of the acreage is controlling in determining the intent of the grantor.

In 1949, Parr conveyed to Worley a portion of land described as "lying to the East of" the highway, "containing 25 acres, more or less." The actual area of the land, as disclosed by a survey prepared for this action, was 25.80 acres if measured from the eastern edge of the highway right-of-way, and 31.57 acres if measured from the center of the highway. Parr later purported to convey to a third party the mineral interest

under both sides of the highway with a description of the land as "lying west of the east right-of-way line of" the highway.

The trial court found no facts in dispute, and we therefore discuss whether, as a matter of law, the mineral interest in the eastern portion of the highway right-of-way was vested in Worley.

It is a rule practically without exception that a conveyance of land abutting on a road, highway, alley, or other way, is presumed to take the fee to the center line of the way. The presumption, however, is a rebuttable one. After all, it depends upon the intention of the parties to the deed, to be ascertained from its language, viewed in the light of the surrounding circumstances. The presumption may be overcome either by express words or by the use of such words as necessarily exclude the highway from the description of the premises conveyed; but in case the language is of doubtful meaning, the presumption will prevail. (Citations omitted.)

*Nickson v. Garry*, 51 N.M. 100, 106, 179 P.2d 524, 527–28 (1947). *See Weldon v. Heron*, 78 N.M. 427, 432 P.2d 392 (1967); 3 American Law of Property § 12.112 (A. J. Casner ed. 1952); G. Thompson, *Commentaries on the Modern Law of Real Property*, Vol. 6, § 3068 (Repl. ed. 1962); H. Tiffany, *The Law of Real Property*, Vol. 4, § 996 (1975); Annot., 49 A.L.R.2d 982 (1956). *See also Tagliaferri v. Grande*, 16 N.M. 486, 493, 120 P. 730, 732, (1911) where a deed calling for an acequia as a boundary was held to carry title to the center of the acequia in which this court stated:

We deem it, therefore, the law of this jurisdiction that a boundary call for an irrigating ditch goes, in the absence of some contrary intent manifested in the instrument, to the middle of the ditch.

Parr makes three arguments: (1) the reasons which justify the presumption do not exist in the present case; (2) the deed to Worley contains language that expressly excluded the highway from the conveyance, thus, the presumption is rebutted; and (3) Worley had constructive notice that Parr

claimed title to the mineral interest under the highway and acquiesced thereto. We discuss the first two arguments together since they involve construction of the deed.

Parr cites *Stuart v. Fox*, 129 Me. 407, 409, 152 A. 413, 415 (1930) as authority that the presumption is justified "on the theory that the grantor could not have intended to retain the ownership in a long narrow strip of land of no apparent benefit to himself." Parr argues that the retention of mineral interest is of clear apparent benefit, and therefore the presumption should not apply. However, Parr could have, but did not, reserve the mineral interest in his deed to Worley.

There are other reasons which support the presumption.

The reasons for the rule are variously assigned as public policy to prevent disputes and litigation over narrow gores of land, that a highway being a monument, the call should run to the center, or that the small strip is of little value to the grantor as compared with the grantee. (Footnotes omitted.)

G. Thompson, *supra* at 671–72. *See* H. Tiffany, *supra* at 216.

Generally, the theory that a small, narrow strip of land was of little value to the grantor grew out of a line of cases involving, essentially, subdivisions where larger plots of land were sold by lot, usually with provisions for alleys, highways, roads, etc. *See e. g., Pilkington v. Fausone*, 11 Cal. App.3d 349, 90 Cal.Rptr. 38 (1970); *Hixson v. Jones*, 253 Cal.App.2d 860, 61 Cal.Rptr. 883 (1967). Frequently in these cases, the roadways or alleys were later abandoned, and questions then arose concerning title to them. We note that, as Thompson, *supra*, has phrased the issue, the question goes to the "value to the grantor *as compared with the grantee*." In the present case, the mineral interest in question is clearly of as much value to the grantee as to the grantor. However, we need not rely solely on this fact, because another theory which justifies this presumption is also present in this case.

The deed in question described the property as "[a]ll that part of the Southeast Quarter [of a certain section] lying to the East of United States Highway No. 62 and 180. . . ." Similar references in deeds to highways or streets have been considered to indicate monuments, and the general rule is that the line runs through the center of a monument. *Tagliaferri, supra.* "The statement in the deed that the land was all north of the pike has reference to a well known highway, which we may regard as a monument." *Haverstick v. Beaver,* 37 N.E.2d 650, 654 (Ct.App.Ohio 1941). *See also Moody v. Palmer,* 50 Cal. 31, 36 (1875); *City of Laconia v. Morin,* 92 N.H. 314, 30 A.2d 479 (1943); and, *Hofer v. Carino,* 4 N.J. 244, 72 A.2d 335 (1950) and cases cited therein at 72 A.2d 338.

The area, as stated in the deed, is the only other fact, either from the deed or from the surrounding circumstances, which could arguably indicate that the reference to the highway was not intended by the parties as a monument indicating the boundary. This fact alone is not sufficient. "[A]n order of precedence has been established among different calls for the location of boundaries, and, other things being equal, resort is to be had first to natural objects or landmarks, next to artificial monuments, then to adjacent boundaries, then to courses and distances, and *lastly to quantity.*" *Haverstick,* 37 N.E.2d at 654–55 (emphasis in original; citation omitted). *Accord,* 23 Am.Jur.2d, Deeds, § 240 (1965); 26 C.J.S. Deeds § 100 (1956). In *Haverstick,* the issue was whether a call for area in a deed extended the conveyance *beyond* the center line of a highway which was called for as a monument. The court held that it did not overcome the presumption that the center line of the highway was the true boundary. *See Askins v. British-American Oil Producing Co.,* 201 Okl. 209, 203 P.2d 877, 880–81 (1949), in which the court stated:

> We are unwilling to hold that the mere statement of quantity in the deeds clearly and plainly disclosed that such was the intention of the parties, and in such case the doubt should be resolved against the grantor. (Citation omitted.)

*See also Bowers v. Atchison, T. & S. F. Ry. Co.,* 119 Kan. 202, 237 P. 913 (Kan.1925).

We subscribe to the above language in *Askins* and hold that the Parr deed did not clearly and plainly disclose an intention to exclude the east side of the highway from the description. We construe the deed to refer to the highway as a monument, and as such, the deed passes title to the center line. *Cordova v. Town of Atrisco,* 53 N.M. 76, 201 P.2d 996 (1949); *Tagliaferri, supra.*

Parr argues that, in the phrase "lying to the East of [the highway]", the word "to" was intended to be a word of exclusion; and thus, the highway is excluded from the grant. However, the cases cited by Parr to support this point are clearly distinguishable on their facts.

Parr makes two arguments based on the subsequent acts of the parties: (1) that the subsequent acts are relevant to the practical construction which the parties gave to the deed, and (2) that the subsequent acts constitute acquiescence. The subsequent acts relied on are the actions of just one party, Parr. He relies on the later mineral leases, filed of record, which purported to cover the disputed area. Parr argues that Worley should have been aware of these leases, and yet he did nothing.

Acquiescence in a boundary line requires some form of knowledge. *Platt v. Martinez,* 90 N.M. 323, 563 P.2d 586 (1977). In the absence of some indication that Worley was or should have been aware of the subsequent filing of mineral leases by Parr, the doctrine of acquiescence does not apply.

We reverse and remand this case to the trial court for entry of judgment in favor of Worley.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.