607 P.2d 601

**STATE of New Mexico ex rel. STATE HIGHWAY DEPARTMENT of New Mexico, Petitioner-Appellant,**

v.

**HIDALGO AREA DEVELOPMENT CORP. and Alan A. Koff, Defendants-Appellees,**

v.

**Martha G. TREWETT et al., Third-Party Defendants.**

**No. 12511.**

Supreme Court of New Mexico.

Feb. 26, 1980.

Jeff Bingaman, Atty. Gen., Richard L. Russell, Chief Counsel, Asst. Atty. Gen., Stephen S. Hamilton, Deputy Atty. Gen., State Hwy. Dept., Santa Fe, for petitioner-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Mark B. Thompson, III, Albuquerque, for defendants-appellees.

John F. Schaber, Deming, for third-party defendants.

## OPINION

FEDERICI, Justice.

This action originated in the District Court of Hidalgo County. Appellant, State ex rel. Highway Department of New Mexico, had condemned certain properties for an interstate highway. Two tracts within the condemned area were claimed by appellant through purchase and deed. Appellee Koff also claimed the same two tracts by purchase and deed. On motion of appellee, the district court entered a partial summary judgment, holding that appellee was the owner. Appellant took an interlocutory appeal.

The title to the land claimed by appellee has its origin in a conveyance by Weldon to Jones and Burns in 1929. That deed described the land in pertinent part, as follows:

> [T]hence west 988 feet to intersection of north line of said lot 4 with the north side of Lordsburg and Hachita Railroad; *thence South 46° 50′ E. along said right of way line 1354.5 feet;* * * * (Emphasis added.)

The right of way mentioned in that deed was a railroad right of way which was abandoned in 1933. Appellee contends that since the deed to his predecessors in title designates the railroad right of way as a border, the right of way became a "monument" and the description is conclusively presumed to include land to the center line of the monument (right of way). Appellant's title, on the other hand, originates in another conveyance from Weldon to parties other than the predecessors of appellee. This deed covered the entire right of way area to the exclusion of appellee. Appellant contends that the description in the 1929 deed from Weldon to Jones and Burns did not designate the right of way line as a border and therefore the border is not a "monument" and appellee does not own to the center of the right of way.

Appellant also advances the fact that the 1929 deed describes the property transferred as limited to 8.751 acres, which is the acreage of the real estate *without* the right of way.

Appellee relies upon New Mexico case law in which it is held that if the description in a deed describes a monument as a border, then the description is presumed to include the land to the center line of the monument. *Parr v. Worley*, 93 N.M. 229, 599 P.2d 382 (1979). In *Parr*, this Court quotes with approval from New Mexico case law and other authorities, as follows:

> It is a rule practically without exception that a conveyance of land abutting on a road, highway, alley, or other way, is presumed to take the fee to the center line of the way. The presumption, however, is a rebuttable one. *After all, it depends upon the intention of the parties to the deed, to be ascertained from its language, viewed in the light of the surrounding circumstances.* The presumption may be overcome either by express words or by the use of such words as necessarily exclude the highway from the description of the premises conveyed; but in case the language is of doubtful meaning, the presumption will prevail. (Citations omitted.) [Emphasis added.]

*Nickson v. Garry*, 51 N.M. 100, 106, 179 P.2d 524, 527–28 (1947). *See Weldon v. Heron*, 78 N.M. 427, 432 P.2d 392 (1967); 3 American Law of Property § 12.112 (A. J. Casner ed. 1952); G. Thompson, *Commentaries on the Modern Law of Real*

*Property*, Vol. 6, § 3068 (Repl. ed. 1962); H. Tiffany, *The Law of Real Property*, Vol. 4, § 996 (1975); Annot., 49 A.L.R.2d 982 (1956). *See also Tagliaferri v. Grande*, 16 N.M. 486, 493, 120 P. 730, 732 (1911) * * *.

*Id.* at 230, 599 P.2d at 383.

Appellee contends that the trial court was correct in granting summary judgment since there was no genuine issue as to any material fact, relying upon *Parr*. We disagree.

First, there is a question whether the description in the 1929 deed from Weldon to Jones and Burns, which reads: "along said right of way line," constitutes a designation of the boundary as a "monument." Second, even if the 1929 deed from Weldon to Jones and Burns created such a "monument," from which there followed a presumption of ownership to the center line of the monument, still, this presumption is a rebuttable one. *Parr, supra*. Whether the presumption prevails depends upon the intention of the parties to the deed, on its language, and on the surrounding circumstances. There are material fact questions remaining to be resolved by the trial court and it was error for the trial court to enter summary judgment for appellee.

Appellee also contends that in any event, he is entitled to summary judgment under the doctrine of adverse possession. In view of our remand to the trial court for further proceedings to determine title to the tracts in question, this point is premature. If on remand and hearing the trial court determines that title is in appellant, then it should also determine the adverse possession claim.

The trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, J., concur.