## THE OSAGE MERCANTILE COMPANY v. MRS. J. H. BLANC.

No. 15,789.    (99 Pac. 601.)

SYLLABUS BY THE COURT.

HOMESTEADS—*Abandonment—Change of Residence—Voting in Another State.* The sixth subdivision of section 2572 of the General Statutes of 1901, reading, "If a person shall go into another state or territory, and while there exercise the right of suffrage, he shall be considered and held to have lost his residence in this state," is intended merely for the guidance of the judges of election in passing upon the qualifications of voters, and does not prescribe a test for determining the residence of the claimant of a homestead in this state. The fact that one has voted in another state or territory does not conclusively establish the loss of a homestead right which depends upon a residence here.

Error from Coffey district court; FREDERICK A. MECKEL, judge. Opinion filed January 12, 1909. Affirmed.

*Joe Rolston,* for plaintiff in error.

*Henry E. Ganse,* and *Louis H. Hannen,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: The Osage Mercantile Company, in June, 1907, in an action against Mrs. J. H. Blanc, caused an attachment to be levied upon real estate in Coffey county belonging to her. She moved to have the property discharged from the attachment on the ground that it was exempt as a homestead. Upon a hearing of the motion it was shown that prior to March, 1903, the property had been occupied as a homestead by her husband, herself, and their children; that then they had removed to Oklahoma, where they had since remained. She, however, besides introducing the affidavit of her husband that during their absence they had always regarded the place in Kansas as their home and intended to return to it, testified orally to the same effect. The

trial court sustained the motion, and the plaintiff prosecutes error.

It was admitted that the defendant's husband voted in Oklahoma at a city election held in the spring of 1907, and the plaintiff contends that this fact conclusively established a change of residence on his part, and that as his wife accompanied him and continued to form a part of his household she thereby abandoned her right to hold the Kansas property as a homestead. The exercise of the right of suffrage, however, is important in connection with the question of residence only as evidence of the intention of the person, and while it is very persuasive it is not final. (15 A. & E. Encycl. of L. 648; 21 Cyc. 607.). In *McGill v. Sutton,* 67 Kan. 234, 74 Pac. 853, a claim of homestead by one who had voted in another county was upheld, the evidence showing the vote to have been cast under a misapprehension of the law. While the affidavit of the defendant's husband does not say so in so many words, the inference is readily to be drawn that he supposed mere sojourners could lawfully vote at a municipal election, for he stated that he had not voted in Oklahoma at any general election. The oral testimony of the wife was material in weighing the truth of this explanation of the inconsistency between his conduct and his professed intentions, and therefore the trial court's decision upon it can not be reviewed here. It is true that the statute contains this language: "If a person shall go into another state or territory, and while there exercise the right of suffrage, he shall be considered and held to have lost his residence in this state." (Gen. Stat. 1901, § 2572, subdiv. 6.) But the test there prescribed is explicitly declared to be for the benefit of the judges of election, and has no application where the question is one of homestead. How the wife's rights would have been affected if the husband had been shown to have established a residence in Oklahoma need not be determined.

The judgment is affirmed.