(No. 2288.   March 11, 1920.)

## CORN v. HYDE, Sheriff, et al.

### SYLLABUS BY THE COURT.

1.   A bona fide purchaser of real estate held as a homestead takes it free of the lien of a judgment against the homestead claimant.                                                   P. 39

2.   Injunction is the proper remedy in behalf of a purchaser of a homestead against a threatened sale of the same upon an execution issued upon a judgment against the former owner.                                                            P. 39

2.   A district court of a county in which land is situated that is exempt from execution sale has jurisdiction of an action brought to prevent a threatened sale of such property by virtue of an execution issued out of the district court of another county.                                                      P. 39

4.   The fact that a homestead claimant exercised the right of suffrage in another precinct than that in which his homestead is situated, is not conclusive evidence of abandonment of the homestead.                                              P. 40

5.   "There must be an unequivocal and absolute intention to abandon; and in most cases the inference of abandonment will not be indulged in the absence of the acquisition of a new homestead."                                                P. 40

6.   Until the homestead claimant has acquired a new homestead the fact that he moved with his family to another place to engage in business and that he voted in another precinct than that in which his homestead was situated does not evince an unequivocal and absolute intention to abandon his homestead.                                                          P. 40

7.   The word "hold," as employed in section 2321, Codification 1915, providing that "husband and wife * * * may hold exempt from sale, or judgment, or order, a family homestead," etc., construed to mean to keep, to retain, or to preserve exempt from sale, or judgment, or order, and not to measure the character of the occupancy of the homestead.
                                                              P. 41

Appeal from District Court, Lincoln County; E. L. Medler, Judge.

Action by E. S. Corn against C. Walker Hyde, sheriff, etc., and C. M. Farnsworth.   Judgment for plaintiff, and defendants appeal.   Affirmed.

Corn v. Hyde, 26 N. M. 36.

J. C. Gilbert, of Roswell, for appellant.

When the transcript was filed in the office of the County Clerk of Lincoln County it became a lien upon all the real estate of the judgment debtor in that county.

§ 3079, Code 1915; 23 Cyc. 1391; R. C. L. Art. 65, p. 634.

Whether or not the property involved may some time have been the homestead of Henry M. Corn, it lost its character as such when it was sold to appellee.

Art. 2321, Code 1915; 21 Cyc. 473.

A party cannot claim a homestead in designated lands while his domicile and place of residence are with his family in some other locality.

Avery v. Stephens, 12 N. W. 211; Ingalls v. Ingalls, 32 Pac. 387.

The homestead right, being only a right pertaining to the occupancy of the premises, an exemption from sale attaches only to premises which are actually occupied as a homestead, and a court of equity will not interfere by injunction to prevent a sale of property after occupancy has ceased.

High, Injunctions, Vol. 1, Art. 439-440.

Act of voting in the precinct established the residence of Henry M. Corn.

Ross v. Kellier, 26 Fed. 413; Small v. Rakestraw, 72 Pac. 476; Griffin v. McKinney, 62 S. W. 78; Kramer v. Lamb, 87 S. W. 1024; 6 Enc. Evid. 545.

The testimony of Henry M. Corn, the only witness for the plaintiff, shows conclusively that Henry M. Corn,

continuously, from the time of his marriage to the time of the sale of this property, and long afterwards, was engaged in other business, not in Carrizozo, but in and near Rabenton, and that he had his place rented out or leased, which, in itself, is convincing that he had given the property up as a homestead, *if he ever occupied it as such.*

6 Ency. of Evid., p. 549, ¶ 9 and notes.

In re Phelen, 16 Wis..79; In re Vincent, 115 Fed. 236; Clement, etc. v. Kopietz, 95 N. W. 1126; Tiller v. Bass, 21 S. W. 34, 21 Cyc. 473; Ingalls v. Ingalls, 32 Pac. 387.

Court will not enjoin execution of process of another court of concurrent jurisdiction.

1 High on Injunctions, 195; Anthony v. Dunlap, 8 Cal. 26; Gorham v. Turner, 9 Cal. 77; Trawley v. Davis, 37 Cal. 268; Plato v. Dewest, 22 Wis. 46.

G. B. BARBER, of Carrizozo, for appellee.

As to what constitutes a homestead to enable judgment debtor to be entitled to statutory exemption, see:

§ 2321, Sub. § 11, Code 1915; U. S. v. Lesnet, 9 N. M. 271; Taylor v. McGrew, 64 N. E. 651; Freeman on Judgments, 364; Littlejohn v. Egerton, 77 N. C. 379-384; Words and Phrases, v. 4, p. 3338.

A judgment is no lien on a homestead.

Freeman on Judgments, 2d Ed., pp. 375-376, § 355; Monroe v. May, 9 Kans. 475; Morris v. Ward, 5 Id. 247; Lamb v. Shays, 14 Iowa 567; Wiggins v. Chance, 45 Ill. 175; Carver v. Lassallette, 57 Wis. 232, 15 N. W. 162; 21 Cyc. pp. 520-521, and decisions in the notes; 23 Cyc. pp. 1367-1368, and decisions in the notes.

As to actual occupancy, residence and possessions, see:

Beckman v. Meyer, 75 Mo. 333; Clark v. Dewey, 73 N. W. 639; Byrne v. Hinds, 16 Minn. 521; Deering v. Thomas, 25 Ga. 223; 25 Cent. Dig. Homesteads, § 49.

Homestead laws are remedial in their nature and, according to the weight of authority, must be liberally construed in favor of the debtor.

In re Faith, 132 Cal. 609, 64 Pac. 995; Schneider v. Bray, 59 Tex. 668; Folsom v. Asper, 25 Utah 299, 71 Pac. 315.

## OPINION OF THE COURT.

MECHEM, M. C., District Judge.  E. S. Corn brought this action to restrain Hyde, as sheriff, and Farnsworth, as judgment creditor of Henry M. Corn, from selling certain real estate situated in Lincoln county, under an execution issued out of the district court of Chaves county; E. S. Corn's claim was that he was a bona fide purchaser of the property, and that, at the time he bought it, it was the homestead of Henry M. Corn.

[1-3]  The questions of law presented by this appeal are of first impression as far as reported cases in this court are concerned.  They are not novel, however, having occupied the attention of many · courts of last resort in the United States, and the statements of law hereafter made; the concrete result of the current of authority, are too well settled to admit of controversy or to require any attempted argument on our part for their support.  If the property was exempt as the homestead of Henry M. Corn, he could sell it clear and free from the lien of the Farnsworth judgment.  21 Cyc. 553.  Injunction in this case is the proper remedy.  21 Cyc. 634; 13 R. C. L. 620.  The district court of Lincoln county had jurisdiction to enjoin a sale of exempt real estate situated in Lincoln county, under the authority of an execution issued out of the district court of Chaves county.  15 Corpus Juris, 1143.

[4-6] As to whether the property was the home-stead of Henry M. Corn, the undisputed evidence was that Henry M. Corn acquired the land, which is town property in Carrizozo on which there is a dwelling, in 1912; that shortly thereafter he moved on it with his family; that until the spring of 1914 he worked at various places in Lincoln county, taking his family with him, but returning for short stays to his homestead; that in the spring of 1914 he rented a store building at Rabenton, Lincoln county, where he was living with his family October 5, 1916, when he sold the homestead to the plaintiff; that while living in Reventon Henry M. Corn ran a store, registered as a voter, and voted at the fall election of 1914 in the Reventon precinct; and that during his stay in Reventon he rented his homestead for a few months and never returned to occupy it. He testified that he never intended to abandon the Carrizozo property as his homestead, and that he intended to return to it, and had never in the meantime acquired another homestead.

Counsel for defendants insists that the fact that Henry M. Corn voted in Reventon in 1914 is conclusive evidence of abandonment, but the great weight of authority is against this contention. 21 Cyc. 607; Osage Mer. Co. v. Blanc, 79 Kan. 356, 99 Pac. 601; McCammon v. Jenkins et al., 44 Okl. 612, 145 Pac. 1163. These cases hold that, while the exercise of the right of suffrage in another place than that in which the homestead is situated is very pursuasive evidence of abandonment, yet it is not conclusive. In a recent case the United States Circuit Court of Appeals of the Fifth Circuit said:

"It is to be kept in mind always that, whenever land shall have impressed upon it the homestead character, its abandonment as homestead must be beyond doubt before the homestead protection will be refused. There must be an unequivocal and absolute intention to aLandon; and in most cases the inference of abandonment will not be indulged in the absence of the acquistion of a new homestead." Woodward v. Sanger Bros., 246 Fed. 777, 159 C. C. A. 79.

Until the homestead claimant shall have acquired a

JANUARY TERM, 1920.                    41

Ravany v. Equit. Etc. Soc., 26 N. M. 41.

new homestead, the fact that he has moved with his family to another place in the same county to conduct a business, and there exercised the right of suffrage, does not evince on his part an unequivocal and absolute intention to abandon his homestead. In doing all these acts he may have always intended to return and make his home on the Carrizozo property.

[7] Our homestead exemption statute (section 2321, Code 1915) provides:

"Husband and wife  *  *  *  may hold exempt from sale, or judgment, or order, a family homestead," etc.

Defendants' counsel argues that the word "hold" signifies actual possession and negatives the idea of temporary absence from the homestead. But the word "hold" as thus used was not designed to measure the character of possession, and in seeking its meaning it must be looked at in connection with the words that follow. The entire statement is "may hold exempt from sale, or judgment, or order," etc., and as thus used "hold" means may keep or retain or preserve exempt from sale, etc.

There being no error in the record, the judgment of the district court is affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.

SYLLABUS BY THE COURT.