## SANDOVAL v. PEREZ et al

### (No. 2350.    July 1, 1920.)

#### SYLLABUS BY THE COURT.

1. Where the statute requires adverse possession to be "under color of title," some writing which purports to give title to the premises is essential to give title to an adverse occupant, and oral transactions, however effective they may be as between the parties, do not contribute color of title; neither does actaul adverse possession.                    P. 282

2. In order to be entitled to raise the issue of improvements under Code 1915, §§ 4372, 4375, in an action in ejectment, defendant must have entered under some claim of title.                                              P. 283

Appeal from District Court, Sandoval County; Raynolds, Judge.

Action by Jesus M. Sandoval against Maximinio Perez and another. Judgment for plaintiff, and defendants appeal. Affirmed.

RODEY & RODEY, of Albuquerque, for appellant.

If the holding of the Court below is the law, then the open, notorious and exclusive adverse possession of realty with claim of title and payment of taxes, however long continued, is unavailing against the original record owner or his vendees,—unless such possession and payment of taxes is accompanied by some sort of a writing as "color of title!" Surely this can not be the law! because:

The purpose of "color of title," is to show the character or extent, of the possession of the one claiming by adverse possession. It is the actual possession, or in some cases of wild and unoccupied lands, the payment of taxes, for the period required by the statute of limitation, founded upon such color of title, that perfects the title. In the absence of a statute requiring color of title, to consist of recorded instruments, an unrecorded deed is

"color of title." Doran v. Westervitch, 140 Ala. 283; 103 Am. State Rep., 35; 37 So. Rep., 382; Packard v. Moss, 68 Cal., 123; 8 Pac., 818; Johnson v. Rhodes 220, 56 So., 439; Rawson v. Fox, 65 Ill., 200; Paragould Abstract Company v. Coffman (Ark.), L. R. A. 1915 B. 1007, Sub. Hd. 2 of notes, and cases cited.

MARRON & WOOD, of Albuquerque, for appellee.

Color of title means paper title, Armijo v. Armijo, 4 N. M. 133; Chambers v. Bessent 17 N. M. 487; Bank v. Smith, 20 N. M. 275; 1 Cyc. 1082.

## OPINION OF THE COURT.

ROBERTS, J. Appellee sued appellants in ejectment, and recovered judgment by default. The land involved was a section of what is known as "railroad land," having been granted to the Atlantic & Pacific Railroad Company by act of Congress. Appellants some time after the judgment had been entered moved the court to set aside and vacate the judgment upon the ground that process had been served upon the wife of the appellant Maximinio Perez while she was sick in bed, her husband being absent; that, without reading the summons or appreciating what it was, she had given it to one of the children, and that it had been destroyed, and the husband was not advised and did not know the suit was pending until notified that he would be required to vacate. He tendered an answer with his motion and an affidavit of merit, in which he set up that by himself and his predecessors in interest he had been in possession of said section of land for more than 11 years last past, using and cultivating the same, and making the same the home of himself and family; that affiant had lived upon the land as a home for about 5 years last past with his wife and their 8 children; that he acquired title thereto by verbal sale made to him by his wife's father, and also by inheritance by his wife from her father, who died in possession of the land, she being his only heir at law.

The court below determined the motion to vacate upon the single ground that the answer and affidavits in sup-

port thereof did not state a defense to the complaint in ejectment. Hence the court was not warranted in setting aside the default judgment. This is the only question which we deem it necessary to consider.

(**1**)   It is appellant's contention that a writing is not essential to color of title, and that actual adverse possession by virtue of which the occupant claims ownership is under color of title.   The statute (section 3365, Code 1915) requires the adverse possession to be under "color of title."   An extended note will be found in case of Brooks-Scanlon Co. v. Childs, 2 A. L. R. 1453, in which the author of the note states the prevailing rule in the United States as follows:

"By the weight of authority, some writing which purports to give title to the premises is essential to give title to an adverse occupant; and oral transactions, however effective they may be as between the parties, do not constitute color of title."

The territorial Supreme Court in the case of Armijo v. Armijo, 4 N. M. (Gild.) 63, 13 Pac. 92, said:

"Color of title, strictly speaking, cannot rest in parol. There must be a document of some sort (citing numerous cases). As there was no paper title of any kind introduced in evidence to support the claim of title set up by defendants, it follows that their possession was not under color of title."

In order to afford appellants the relief which it would be necessary for this court to overrule this case and many subsequent ones following it and depart from the majority rule in the United States.   No sufficient reasoning has been advanced to justify this departure. The statute under consideration was enacted in its present form by the Legislature in 1905, and the words "color of title" had been theretofore defined by the territorial Supreme Court and had a well-understood meaning.   If the Legislature had intended that adverse possession, where the same was actual and visible, should have the same effect as a holding under color of title as theretofore construed by the courts, it would doubtless have selected appropriate language to convey its meaning.

(2) This same argument applies with equal force to appellants' contention that they were entitled to prove the value of their improvements under sections 4372 and 4375, Code 1915. In order to be entitled to raise the issue of improvements in an action in ejectment, the defendant must have entered under some claim of title. Maxwell Land Grant Co. v. Santistevan 7 N. M. 1, 32 Pac. 44.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

PARKER, C. J., concurs.

RAYNOLDS, J., having tried this case below, did not participate in this opinion.