## ERWIN BOECK v. WILLIAM JOHNSON.[1]

December 12, 1924.

No. 24,312.

**Contract for exchange of land construed.**

1. The terms of the contract for the exchange of land described in the opinion made plaintiff's intestate the owner of the land in equity, with the right of possession after a given date.

**Administrator entitled to reasonable value of landlord's share of grain raised.**

2. The land was occupied by a tenant whose lease had expired. On being notified by plaintiff that he would not perform the contract, the holder of the legal title renewed the tenant's lease. Thereafter plaintiff notified the tenant that he claimed the landlord's share of the grain and directed him to deliver it to the defendant. After it was delivered, defendant refused to pay for it on the ground that plaintiff did not own it. *Held* that the court was justified in finding that defendant was liable to plaintiff for the reasonable value of the grain.

Action by the administrator of the estate of Henry Boeck in the muncipal court of Mankato to recover $150.20. The case was tried before Stradtmann, J., who ordered judgment for $125 with interest. From the judgment, defendant appealed. Affirmed.

*Regan & Grogan,* for appellant.
*Evan Hughes,* for respondent.

[1] Reported in 201 N. W. 311.

LEES, C.

In October, 1922, Harry T. Moore entered into a contract with Henry Boeck for the exchange of land in Blue Earth county, owned by Moore, for land in South Dakota, owned by Boeck. Boeck made a down-payment of $1,000 and was to pay $200 more on March 1, 1923, when deeds were to be executed to carry out the contract, which contained this provision: "Possession to the respective places to be given March 1st, 1923."

Boeck died in December, 1922, and his son Erwin was appointed administrator of his estate. This action was brought to recover the reasonable value of a quantity of oats raised on the Blue Earth county land in the summer of 1923 and delivered to the defendant. The case was tried by the court and the findings were in plaintiff's favor. Defendant has appealed from the judgment.

When the contract was made and on March 1, 1923, Moore's land was occupied by a tenant named Screen. There were several conversations in March between Moore and Erwin Boeck relative to the contract. The evidence tends to show that at first Boeck said he would perform his father's contract if the probate court would permit him to do so, and that later he said he would not perform but would expect the landowner's share of the crops raised on the Minnesota land in 1923. Screen had been Moore's tenant for a number of years. The record does not show when the term of his lease expired. It does show that in March, after Moore had been informed that the contract would not be performed, he renewed the lease to Screen. Screen seems to have had no notice of the existence of the contract until June, 1923, when Boeck called upon him and informed him that he claimed the landowner's share of the crops, and directed him to deliver his share of the oats to the defendant. This was done, Screen directing the men who hauled the oats to inform the defendant that delivery was being made for Boeck. Defendant paid for the oats by depositing the money in a bank at Amboy, which claimed to have a mortgage on all the grain raised on the farm. The record is silent as to when or from whom the mortgage was obtained, or by whose authority defendant deposited the money in the bank, or why he should not pay plaintiff

at whose direction the oats were delivered to him. It does not connect Moore in any way with the sale or delivery of the oats, and defendant did not plead or prove that Moore had a better right to the oats than Boeck. He takes the position that plaintiff cannot recover because Henry Boeck did not own the land when he died, that his administrator refused to carry out the terms of his contract with Moore and hence Moore was the owner of the landlord's share of the grain.

Upon the execution of the contract, though not the owner in fee or at law, Henry Boeck became the owner of the land in equity, Moore retaining the legal title as security for Boeck's performance of his obligation. Dunnell, Minn. Dig. §§ 10044, 10045. The legal title drew to it the right of possession unless the contract gave the right to the equitable owner of the land. Dunnell, Minn. Dig. §10046.

By the terms of the contract, Boeck's right of possession was not contingent upon the making of the deferred payment of $200 or upon the conveyance to Moore of the South Dakota land. Had Boeck lived, as between him and Moore, on March 1, 1923, Boeck would have had the right to take possession of the Minnesota land, and his administrator succeeded to the right. Section 7296, G. S. 1913.

It is unnecessary to consider the effect of Screen's possession, or whether, after he got the lease from Moore, he could have been compelled to yield possession to the administrator. The decisive fact is that, upon the request of the administrator, Screen voluntarily delivered the oats to the defendant, without questioning the administrator's right to them. The trial court was clearly right in holding that defendant was liable to plaintiff.

Judgment affirmed.