## BUDDE et al. v. DRAWHORN.

### No. 3226.

Court of Civil Appeals of Texas. Beaumont.

Dec. 2, 1937.

Geo. B. Darden, of Conroe, for appellants.

S. A. McCall, of Conroe, for appellee.

WALKER, Chief Justice.

This appeal was prosecuted from a judgment of one of the district courts of Montgomery county, refusing to dissolve an injunction restraining the sheriff from selling lot No. 7 in block A of the Reservation Syndicate addition to the city of Conroe, Montgomery county, under execution levied by the sheriff on a judgment in favor of appellant H. A. Budde against appellee, J. M. Drawhorn. For grounds of relief appellee pleaded that lot No. 7 in block A was a part of his homestead when the execution was levied, and had long been a part of his homestead.

Appellee testified to the following facts: He and his wife bought lots 6 and 7 for a home; the dwelling house was on lot No. 6 and the garage on lot No. 7. They used the garage for storing the family

car, and cultivated a part of lot No. 7 for a family garden. They also used a part of this lot as a playground for their daughter, and grew on it some fruit trees. When they first bought this property, both lots were inclosed under a common fence; later they tore down the fence and replaced it with a hedge. In 1932 they tore down the old garage and, on lot No. 7, built a new two-story garage. The second floor is divided into two apartments, which they rent when they can secure tenants. The first floor has been used continuously for a garage for the family car and for storing old furniture, lumber, and the many other things that accumulate in a home and have to be stored. At no time has the first floor been used or occupied by any one except appellee's family, and no other person has had any control over it or the right to use it. All of lot No. 7 not covered by the garage has been continuously used for family purposes.

It requires no citation of authority, on the testimony of appellee, to support the court's conclusion that lot No. 7 has continuously been a part of the homestead of appellee and his family, and has never been abandoned as such. On the issue of abandonment, the renting of the second floor of the garage was analogous to renting a room in the family residence.

The judgment of the lower court is affirmed.