82 P.2d 282

**CUSTER v. BLOCK et al.**

No. 4382.

Supreme Court of New Mexico.

July 18, 1938.

Rehearing Denied Sept. 16, 1938.

J. S. Vaught, of Albuquerque, for appellant.

J. Lewis Clark, of Estancia, for appellees.

HUDSPETH, Chief Justice.

Carl B. Custer, the holder of a judgment against John Block for $1,021.23, upon which an execution had been issued and returned nulla bona, brought this suit to

have a deed set aside by which John Block conveyed his homestead to his wife, Francis Ziegler Block. Custer's judgment was based upon a promissory note of Block's, due Nov. 20, 1929, in favor of Custer. The deed was executed Oct. 11, 1932, and recorded two days later, although Custer testified that he did not have any knowledge of it until shortly before he filed suit on the note in December, 1934. This suit was filed July 12, 1937, and judgment went for the defendants, appellees. Plaintiff claimed no judgment lien.

There was no evidence offered as to the value of the homestead. We cannot presume that its value exceeded the homestead exemption. We held in Corn v. Hyde, 26 N.M. 36, 188 P. 1102, that property exempt as a homestead could be conveyed free from a judgment lien. The Supreme Court of Missouri in Brennecke v. Riemann, 102 S.W.2d 874, 877, 109 A.L.R. 1214, 1219, quoted the rule as follows: " 'It is a general rule which has frequently been invoked by this court, that the conveyance of a homestead cannot be fraudulent as against creditors, whether it be to a wife or to a third person, and that creditors have no recourse against it.' May v. Gibler, 319 Mo. 672, 4 S.W.2d 769, 772, * * *" and cases cited. See, also, Heisch v. Bell & Co., 11 N.M. 523, 70 P. 572.

Finding no error the judgment should be affirmed, and it is so ordered.

SADLER, BICKLEY, BRICE, and ZINN, JJ., concur.