· 418 P.2d 56

**T. A. JONES and Calvin B. Jones,**
**Plaintiffs-Appellees,**

**v.**

**McWOOD CORPORATION, a corporation,**
**Defendant-Appellant.**

**No. 8080.**

Supreme Court of New Mexico.

Sept. 12, 1966.

Burr & Cooley, Farmington, for appellant.

B. J. Baggett, Farmington, for appellees.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

T. A. Jones and Calvin B. Jones, operating as a partnership, leased trucks to McWood Corporation in February, 1961. The written leases provided that McWood Corporation, as lessee, would pay to lessor a price ranging from 15 cents to 40 cents per barrel of crude oil hauled, the price to be set by the lessee from time to time with reference to road and other conditions of the haul. The leases were for one year, with either party having the right to cancel upon giving ten days' notice. Leases on trucks continued to be executed through May, 1964. Those in 1964 provided a price range from 8 cents to 40 cents per barrel.

In November, 1964, the Jones partnership filed suit in the district court to recover $6,414.20 from the McWood Corporation for alleged accumulated rentals. McWood Corporation set up six affirmative defenses and a counter-claim for $1,000. Following trial, the court found in favor of plaintiff in the sum of $2,514.11 after deducting the defendant's claim for $1,000. The defendant McWood Corporation appeals.

Initially, the appellant here contends that the trial court erred in rejecting its defense of laches. For a second point, the appellant contends that the trial court erred in ruling against the defendant on the issue of estoppel. The two points will be consolidated for consideration and disposition in this opinion.

In Morris v. Ross, 58 N.M. 379, 271 P.2d 823, we enumerated the elements that must be proven for the defense of laches to prevail. The second element was: "(2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute a suit". In Chambers v. Bessent, 17 N.M. 487, 134 P. 237, we listed the essential elements that usually exist in equitable estoppel, one of the elements being knowledge of a material fact on the part of the person to be estopped and its concealment. Thus, it is that the first two of appellant's points turn on the question of knowledge. The appellant requested a finding of fact that there was knowledge on the part of the appellees. The appellees requested a finding of fact that there was no knowledge on the part of either of the appellees that the payments were less than that required by the lease contract. The trial court found that the appellees did not have knowledge of the rate being applied, that they could not be charged with the responsibility of interpreting the I.B.M. sheets supplied by the appellant and that once the facts were discovered by the appellees, they acted promptly in demanding and suing for the balance

claimed. We have searched the record and are of the opinion that the evidence fully supports the findings made by the court on the question of knowledge. Accordingly, we will not disturb the decision of the trial court in this respect. Mason v. Salomon, 62 N.M. 425, 311 P.2d 652.

For a third proposition supporting the appellant, it is urged that the trial court erred in failing to make necessary findings of ultimate fact although requested to do so. Specifically, the appellant contends that it requested the court to find that there was a mistake of the parties. This was the appellant's fourth affirmative defense set up in its answer. We do not agree that the trial court failed to make a finding on this issue. Finding of fact No. 10 in the court's decision provides:

"That the rental agreement under which the plaintiffs and defendant operated were prepared by the defendant corporation and were executed by three different officers or agents of the defendant corporation, namely, Wilson C. Orr, was fully cognizant of the contents and conditions of said rental agreements, particularly the rental rate of 15 cents to 40 cents per barrel."

This contention requires no further comment.

The fourth and last point presented by the appellant is that the trial court erred in refusing to give the defendant judgment on its counter-claim. The force of this point is difficult to appraise. The parties stipulated that the plaintiffs had received the $1,000 (actually $999.95) from the defendant and that it had not been repaid. Counsel for the plaintiffs, in open court, announced that the $1,000 could be used as a set-off against the amount owing by the defendant to the plaintiffs. The trial court orally announced the allowance of the $1,000 "off-set." The final judgment recited the allowance of the set-off of the $1,000 in favor of the defendant. We are mindful of the distinction between a counter-claim and set-off, but so far as this dispute is concerned, the difference does not justify a critique.

Finding no error, the judgment is affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.