437 P.2d 137

Miguel FRIETZE, Manuel Frietze, Noberto Frietze and Josefa F. Oliver, Plaintiff-Appellants,

v.

Lorenzo FRIETZE, Defendant-Appellee.

No. 8426.

Supreme Court of New Mexico.

Jan. 29, 1968.

T. K. Campbell, Las Cruces, for appellants.

Garland, Martin & Martin, Las Cruces, for appellee.

## OPINION

COMPTON, Justice.

This appeal stems from an action by the plaintiffs for a declaratory judgment to determine the interests of the plaintiffs, Miguel Frietze and others, in certain real property. The trial was to the court and, from a judgment quieting title to the property in the defendant, Lorenzo Frietze, on his counterclaim, the plaintiffs have appealed.

The record reveals that in 1887 Daniel Frietze died testate, having devised an undivided one-third interest in the land in question to his wife and an undivided two-thirds interest to his five sons, among whom were

Roberto and Naceanceno Frietze. In 1889 the devisees partitioned the estate among themselves by executing six conveyances. As a result, the son, Roberto Frietze, became seized of the 26.16 acre tract which is the subject of this suit and which is referred to as Tract A, and the son, Naceanceno · Frietze, became seized of a tract of identical size, lying adjacent to Tract A, and which is referred to as Tract B. Thereafter, the two brothers exchanged the two tracts of land, but before deeds carrying out the exchange were executed by the brothers, they both died. Prior to his death Roberto Frietze executed a warranty deed conveying Tract B to one Angel Carrion. On January 13, 1916, Urbana Frietze, surviving widow, and children of Naceanceno also executed a deed quitclaiming Tract B to Natividad Carrion.

On May 6, 1914, Leonor Frietze de Jil and Adolfo Frietze, the sole surviving heirs of Roberto Frietze, quitclaimed Tract A to Urbana Frietze, the widow of Naceanceno Frietze, the mother of his eight children. In the body of the deed was the statement: "Being the same land exchange[d] by Roberto Frietze, dec'd, to Naceanceno Frietze, dec'd, husband of said Urbana Frietze for which a deed was never executed."

In 1957 Urbana Frietze executed a will by which she devised Tract A to the son Lorenzo, conditioned upon his paying certain sums of money to each of his brothers and sisters. Urbana Frietze died December 15, 1964. Four of her children, the appellants here, brought this action for a declaratory judgment · to determine their interests, claiming that Urbana Frietze owned only an undivided one-fourth interest in Tract A, and that an undivided three-fourths interest remained in all of Urbana's children. Lorenzo answered and counterclaimed to quiet title in himself. The remaining three brothers and sisters were joined in the cause as necessary parties.

The main issue is the nature of the interest Urbana Frietze held in Tract A at the time of her death. The trial court's finding, which is not attacked, states:

"13. That the farm land in question [Tract A] was the separate estate of Naceanceno Frietze, deceased, at the time of his death an undivided one-fourth of which passed to his widow, Urbana Frietze and an undivided three-fourths of which passed to his children, the plaintiffs and defendants named herein."

We think the above finding was basically correct, but imprecise. Although Naceanceno and Roberto never executed a written contract of exchange or deeds carrying out the exchange, there is overwhelming evidence that Naceanceno took possession of Tract A pursuant to their agreement. Under the circumstances of this case, the Statute of Frauds would not have precluded either party from obtaining specific performance of the oral agreement. Shipp v. Thomas, 58 N.M. 190, 269 P.2d 741. See, also, McGlasson v. Blythe, 143 Cal. App.2d 152, 299 P.2d 325. Neither Roberto nor Naceanceno sought specific performance, but where "there is a mutually specifically enforceable contract at the time when a party dies, his rights and duties devolve in accordance with the principles of equitable conversion even though the contract is not in fact specifically enforced." Simpson, 44 Yale, L.J. 559, 564 (1935). See, also, Panushka v. Panushka, 221 Or. 145, 349 P.2d 450; and Keep v. Miller, 42 N.J.Eq. 100, 6 A. 495. We see no reason why this principle is not applicable here as each party held legal title to the land which he had contracted to convey as trustee for the other party. Boeck v. Johnson, 161 Minn. 248, 201 N.W. 311; Wilson v. Mundy, 238 Ill.App. 575; and Nichols v. Bealmear, 36 App.D.C. 352. A party who enters into possession of land under a valid contract of exchange such as the one in question, and surrenders the land owned by him, has a complete equitable title in the land to be conveyed to him superior to the legal title of the other party to the contract. Baldwin v. Sherwood, 117 Ga. 827, 45 S.E. 216. Compare McGlasson v. Blythe, supra.

We conclude that at the time of his death Naceanceno Frietze held complete

equitable title to Tract A superior to the legal title of Roberto or Roberto's heirs. Roberto's heirs, Leonor Frietze de Jil and Adolfo Frietze, held legal title to Tract A in trust for the heirs of Naceanceno Frietze, Nichols v. Bealmear, supra, and that was the only interest they could convey to Urbana Frietze. When they conveyed legal title to Urbana, the legal and equitable title to an undivided one-fourth interest merged and this undivided one-fourth interest was subject to testamentary disposition by her. Tri-Bullion Corp. v. American Smelting & Refining Co., 58 N.M. 787, 277 P.2d 293. Compare Howard v. Grant (1913), 107 Ark. 594, 156 S.W. 433. As to the remaining three-fourths undivided interest in Tract A, Urbana Frietze received only what Roberto's heirs held, the legal title in trust for her children. Such trust, as stated earlier, was created by the parol contract for the exchange of land followed by possession.

We must now consider whether Urbana Frietze, as of her death in 1964, had acquired title to Tract A by adverse possession.

The court found that:

"15. Urbana S. Frietze has been in the open, notorious, uninterrupted, hostile, adverse possession of said 26.16 acres of land from May 6, 1914, until the date of her death on December 15, 1964, under color of title and with payment of all taxes thereon during said period of time."

Urbana Frietze retained possession of Tract A from the time of her husband's death in 1911 until her death in 1964, and on two separate occasions she mortgaged it. She also paid taxes and water charges assessed against the tract. For several years after Naceanceno Frietze's death all the children lived with their mother and helped work the land. As the children became adults and began to leave home only two sons, Lorenzo Frietze and Noberto Frietze, continued to farm the tract. Lorenzo and Noberto farmed the land together from about 1925 until about 1948, each retaining one-third of the profits while their mother retained the other one-third. By three separate written leases Urbana leased Tract A to Lorenzo from February 21, 1953 until December 31, 1967.

The appellants contend that the findings of "hostility" and "adverse" possession were not supported by substantial evidence. We agree. The party seeking to establish title by adverse possession has the burden of proving it by clear and convincing evidence, Marquez v. Padilla, 77 N.M. 620, 426 P.2d 593; and Christmas v. Cowden, 44 N.M. 517, 105 P.2d 484. Such title cannot be established by inference or implication. Montoya v. Catron, 22 N.M. 570, 166 P. 909. There is a strong presumption against a claim of a cotenant that he holds title in opposition to his cotenants and, further, there must be express denial of title of fellow cotenants brought home to the latter openly and unequivocally. Torrez v. Brady, 37 N.M. 105, 19 P.2d 183; and Bradford v. Armijo, 28 N.M. 288, 210 P. 1070. Since possession in cotenancy is presumably permissive and not hostile, the mere possessing, mortgaging, leasing, and the payment of taxes and water assessments are not sufficient acts as to notify a cotenant of intent to oust him and retain hostile possession against him. Velasquez v. Mascarenas, 71 N.M. 133, 376 P. 2d 311; Apodaca v. Hernandez, 61 N.M. 449, 302 P.2d 177; Smith v. Borradaile, 30 N.M. 62, 227 P. 602; and Torrez v. Brady, supra. See, also, 82 A.L.R.2d 5, pp. 64 and 224. In searching the record before us we find no facts which would serve as sufficient notice of ouster and hostility so as to establish title by adverse possession in Urbana Frietze. We are not persuaded that Thurmond v. Espalin, 50 N.M. 109, 171 P.2d 325, is controlling.

It follows that appellants are not guilty of laches as claimed as they cannot be charged with having had knowledge of any hostile claim. Jones v. McWood Corporation, 76 N.M. 709, 418 P.2d 56; and Morris v. Ross, 58 N.M. 379, 271 P.2d 823. Neither is the action barred by the statute of limitations, § 23–1–22, N.M.S.A.1953, as suit was timely instituted some two months after Urbana Frietze's will had been admitted to probate.

The judgment should be reversed, and the cause remanded to the trial court with instructions to vacate its judgment and enter a new judgment not inconsistent with this opinion.

It is so ordered.

MOISE and CARMODY, JJ., concur.