568 P.2d 196

Jewel BIRTRONG, Plaintiff-Appellant,

v.

CORONADO BUILDING CORPORATION, all shareholders and officers of said Coronado Building Corporation, together with all unknown claimants of interest in and to the premises adverse to the plaintiff, Defendants-Appellees.

No. 11151.

Supreme Court of New Mexico.

Aug. 25, 1977.

Sherman & Sherman, Paul F. Sherman, Lordsburg, for appellant.

Martin, Martin & Lutz, Michael L. Winchester, Las Cruces, for appellees.

## OPINION

PAYNE, Justice.

In 1927 the appellee, Jewel Birtrong and her husband, Alec Lee Birtrong conveyed by warranty deed a tract of land in Hidalgo County to Coronado Building Corporation. The deed on its face provides that it was given for consideration and conveyed the property together with all ". . . the hereditaments and appurtenances . . . the reversion and reversions, remainder and remainders, . . . and all the stake, right, title, interests, claim and demand whatsoever, . . . ." The property was used by Coronado Post Number 85 of the American Legion until the early 1940's when the post was disbanded. After World War II, another American Legion Post occupied the premises for several years until it, too, was disbanded. Since that time the property has been used by different community groups for various activities.

In 1973 Jewel Birtrong (her husband being deceased) filed a quiet title suit in district court alleging that she was entitled to the property on several theories. Her claim to the property is based on allegations of direct chain of title, reversion of title, and adverse possession.

In response to her complaint, W. H. Adams, Jr., W. H. Walter, Jr., J. R. Walter, Charles Hoggett and Betty E. Edington entered the suit as defendants. They denied any title in Jewel Birtrong and asserted that they were heirs of the original founders of the Coronado Building Corporation, and as such claimed title to the property by inheritance. After preliminary dis-

covery each of the parties moved for summary judgment. The trial court heard the matters and ruled in favor of the defendants. Jewel Birtrong appeals from that decision.

Plaintiff tried to establish a direct chain of title by documents which include a disclaimer and a quitclaim deed executed by the American Legion. The record does not reveal that the American Legion was ever in the chain of title to the real estate involved. A post of the American Legion did use the property for a period of time as a meeting place, as did numerous other community organizations. That alone does not establish that the American Legion had any interest in the real estate involved. Since a quitclaim deed conveys only such title, if any, as the grantor possessed, the deed to the plaintiff from the American Legion is of no value whatsoever. *Metzger v. Ellis*, 65 N.M. 347, 337 P.2d 609 (1959).

The plaintiff alleges that it was the intention of all the parties involved to convey the land from the Birtrongs to the Coronado Building Corporation upon the condition that it always be used as an American Legion Hall. The deed itself contains no such condition. The intention of the grantor must be derived from the language of the instrument of conveyance, and it will not be impeached except to correct or prevent injustice for such reasons as accident, mistake or fraud. *Garcia v. Garcia*, 86 N.M. 503, 525 P.2d 863 (1974); *Garry v. Atchison, Topeka & Santa Fe Railway Co.*, 71 N.M. 370, 378 P.2d 609 (1963); *Sharpe v. Smith*, 68 N.M. 253, 360 P.2d 917 (1961). Prior considerations, negotiations or stipulations are merged in the final and formal deed executed by the parties. Although the terms of the deed may vary from the prior negotiations, the deed alone must be looked to in determining the rights of the parties. *Chavez v. Gomez*, 77 N.M. 341, 423 P.2d 31 (1967); *Duvall v. Stone*, 54 N.M. 27, 213 P.2d 212 (1949); *Collier v. Sage*, 51 N.M. 147, 180 P.2d 242 (1947); *Fuqua v. Trego*, 47 N.M. 34, 133 P.2d 344 (1943); *Continental Life Ins. Co. v. Smith*, 41 N.M. 82, 64 P.2d 377 (1936).

The plaintiff has failed to allege in her complaint, or submit evidence of, any accident or fraud in the drafting and signing of the deed. The issue of mistake however, is supported by her affidavit, that the parties relied on the man who prepared the deed (a notary public) and that he did not carry out the intentions of the parties. There is a factual issue raised by her affidavit sufficient to defeat summary judgment.

Plaintiff also claims title by adverse possession. If any one of the elements necessary to constitute adverse possession is absent, then no title by adverse possession can be found. *Weldon v. Heron*, 78 N.M. 427, 432 P.2d 392 (1967); *Murray Hotel Co. v. Golding*, 54 N.M. 149, 216 P.2d 364 (1950); *Turner v. Sanchez*, 50 N.M. 15, 168 P.2d 96 (1946).

As of November 25, 1927, the date of execution of the deed to Coronado Building Corporation, the plaintiff divested herself of any and all color of title that she might have had to the property in question. *Wilson v. Kavanaugh*, 55 N.M. 252, 230 P.2d 979 (1951). The lack of such color of title is fatally defective to an adverse possession claim. *Thomas v. Pigman*, 77 N.M. 521, 424 P.2d 799 (1967); *Wilson v. Kavanaugh*, supra; *Sandoval v. Perez*, 26 N.M. 280, 191 P. 467 (1920). Since the plaintiff's claim lacks one of the prerequisites, we need not review any other of plaintiff's claims to title by adverse possession. The burden of proving title by adverse possession is upon him who asserts it. *Ward v. Rodriquez*, 43 N.M. 191, 88 P.2d 277 (1939). That burden must be met by clear and convincing evidence. *Frietze v. Frietze*, 78 N.M. 676, 437 P.2d 137 (1968); *Marquez v. Padilla*, 77 N.M. 620, 426 P.2d 593 (1967). Such title cannot be established by inference or implication. *Frietze v. Frietze*, supra; *Merrifield v. Buckner*, 41 N.M. 442, 70 P.2d 896 (1937); *Montoya v. Catron*, 22 N.M. 570, 166 P. 909 (1917).

The defendants entered their appearance in this case as successors in interest of the Coronado Building Corporation. We have no difficulty in recognizing title in

the disputed piece of land in the Coronado Building Corporation, but we cannot agree that the alleged successors in interest have shown by their pleadings or their affidavits that they are entitled to judgment as a matter of law. The record shows only that they are some of the heirs of the founders of Coronado Building Corporation. Other known heirs were not joined. Probate proceedings of the original founders of the Coronado Building Corporation made no mention of the property in question. We need not elaborate upon the other gaps in the record as it pertains to defendants' claims.

We reverse the trial court in granting summary judgment as to either party for the reasons set forth. The case is remanded for further proceedings in the district court as are consistent with this opinion.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and FEDERICI, JJ., concur.