645 P.2d 447

SPEARTEX GRAIN COMPANY, Bob Cator, Perry Dickson, Mrs. R. B. Archer, Carl Archer, and Peggy Archer, Plaintiffs-Appellants,

v.

Audrey W. WEST and his wife, Bonita J. West, Dennis W. West and his wife, Stephanie L. West, K. Brad West and his wife, Linda A. West, individually and d/b/a West Elevator and Alfalfa Warehouses, a Texas general partnership, and the First National Bank of Denver, a national banking association, Defendants-Appellees.

No. 5578.

Court of Appeals of New Mexico.

April 27, 1982.

Richard E. Olson, Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, for plaintiffs-appellants.

Richard F. Rowley, II, Clovis, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiffs sued to foreclose a lien allegedly placed upon defendants' property pursuant to § 42–4–18, N.M.S.A.1978. Defendants were granted summary judgment and we granted plaintiffs' application for an interlocutory appeal. The sole issue relates to the foregoing statute as applied to a lessee. We affirm.

Plaintiffs were lessees of a tract of land currently owned by defendants. During their tenancy, plaintiffs allegedly made improvements and repairs to the property. In their first amended complaint plaintiffs seek reimbursement for their expenses and damages for breach of the lease agreement. The first count of the first amended complaint seeks to foreclose a lien claimed under § 42–4–18, *supra.* Plaintiffs filed the claim of lien against the property with the county clerk prior to filing the first amended complaint. The defendants were granted summary judgment on the first count.

The dispositive issue on appeal is whether a lessee claiming to have made improvements must have color of title in order to utilize the lien provision of § 42–4–18, *supra.* That section provides:

When any person claiming possession may have made, or may hereafter make, any valuable improvements on any land in this state, and any other person shall have taken, or may hereafter, in any manner, take from him or his assignor or assigns the possession of such improvements, or any part thereof, the person so taking possession shall be liable for the full value of such improvements so taken possession of, to the person who made the same, or to whom they may have been assigned: provided, the said possession and improvements shall not have been abandoned by the said person making the same, or those holding or claiming through him, for a greater period than six months immediately prior to so taking the possession thereof, and the value of said improvements shall be a lien upon

the said improvements and the land in which they are situate until paid; as also upon all other real estate of the person so taking possession thereof situate in the same county.

Plaintiff contends that, since the section does not specifically provide that a tenant in possession must have color of title, possession is the only requirement for imposing a lien on the property. We do not agree. In *Sandoval v. Perez*, 26 N.M. 280, 191 P. 467 (1920), the Supreme Court construed the section immediately preceding § 42–4–18, *supra.* (Neither section has been amended since that time. *See*, Code 1915, § 4375 and § 4376.) The section construed in *Sandoval, supra*, now § 42–4–17, N.M.S. A.1978, gives the defendant in an ejectment action the right to have the value of any improvements made by him assessed, and a lien for that amount placed upon the land. The Supreme Court, in *Sandoval, supra*, held that color of title was required under that section, even though it was not specifically mentioned in the statute. "In order to be entitled to raise the issue of improvements in an action in ejectment, the defendant must have entered under some claim of title." (Citations omitted.)

These two sections serve the same purpose—the difference being, Subsection 17 is phrased in terms of the remedy of the person deprived of possession of the improvements, and Subsection 18 places liability for the value of the improvements on the person taking possession. The sections are supplemental to each other and do not afford distinct and different remedies. It necessarily follows that if color of title is required in one, it is required in the other. Accordingly, we hold that the reasoning of *Sandoval, supra*, applies to § 42–4–18, *supra*, and color of title is required to place a lien on property for the value of the improvements.

Plaintiffs argue that since § 42–4–18, *supra*, talks of abandonment, only a possessory interest is required. Abandoned property is defined as property to which the owner has relinquished all right, title, claim and possession. Black's Law Dictionary (5th ed.

1979). Abandonment does not refer only to possessory interests in property. *See, Corn v. Hyde*, 26 N.M. 36, 188 P. 1102 (1920).

We affirm the trial court.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.