**In re Wilma J. WELLS, Debtor.**

**No. 7–91–01463 M A.**

United States Bankruptcy Court,
D. New Mexico.

Oct. 25, 1991.

Daniel J. Behles, Albuquerque, N.M., for trustee.

Stephen McIlwain, Albuquerque, N.M., for debtor.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the trustee's objection to the debtor's claim of homestead exemption. Having considered the facts, the applicable law, and being otherwise fully informed and advised, the Court finds the objection is not well taken and will be overruled. The debt-

or will be allowed her homestead exemption.

## FACTS

The facts are not in dispute. The debtor physically moved from the property in which she seeks to claim a homestead exemption approximately 4 to 5 months prior to the filing of the bankruptcy petition. She moved because creditors had taken judgments against her, transcribed those judgments, and told her she was going to lose the house. Since her move she has been living in rented quarters. The house has remained vacant, been vandalized, and is not presently habitable. The debtor has been unwilling to invest the funds necessary to repair the house until her entitlement to the exemption is allowed. She asserts that if the exemption is allowed she will repair the house and move back in.

The trustee asserts that she is not entitled to the homestead exemption because she was not physically occupying the premises on the date of the filing of the bankruptcy petition. In all other respects the debtor's entitlement to the exemption is unchallenged. The debtor asserts that she never abandoned the home as her residence, and that her intention to return qualifies her for the exemption.

## DISCUSSION

■ The issue for the Court to determine is whether actual physical occupancy on the date of filing the petition [1] is necessary in order to be entitled to a homestead exemption. New Mexico's homestead exemption statute provides:

> Each spouse, widow, widower or person who is supporting another person shall have exempt a homestead in a dwelling house and land occupied by him....

N.M.S.A. § 42–10–9 (1991 Supp.). The trustee argues that despite the principle of construing exemption statutes liberally, the statute is clear that the house must be occupied by the person claiming the exemption.

1. When determining exemptions, the date of the filing of the bankruptcy petition controls. 11

■ Exemption statutes are to be liberally construed in favor of the debtor. *Ruybalid v. Segura*, 107 N.M. 660, 763 P.2d 369 (Ct.App.1988). This Court, strictly construing a New Mexico exemption statute, sustained the trustee's objection to the debtors' stacking of automobile exemptions. The district court reversed, stating that the statute does not contain a limitation that two debtors may not each claim an exemption in the same vehicle. *Byron and Janice Jones v. David F. Boyd, Jr., Trustee*, Civ. No. 89–0889–JB (D.N.M. June 18, 1991). Following the general principle of liberal construction, the word "occupied" must be examined.

This is a case of first impression in New Mexico. A New Mexico case decided under a former law which did not require occupancy held that even where the debtor moved to another house and voted in another precinct a homestead exemption in the unoccupied house may be claimed. *Corn v. Hyde*, 26 N.M. 36, 188 P. 1102 (1920). The court focused on whether the debtor intended to abandon the homestead. Finding that the debtor did not evince an absolute and unequivocal intent to abandon, the court sustained the debtor's claim of exemption. *Id.* at 41, 188 P. at 1107.

In *In re Chalin*, 21 B.R. 885 (Bankr. W.D.La.1982), the trustee objected to the debtor's homestead exemption on the sole ground that the debtor was not occupying the premises as a residence. Louisiana's homestead exemption statute requires a homestead to be occupied in order for the exemption to apply. The court allowed the exemption, stating that the only issue was whether the debtor had abandoned the homestead. Whether the debtor abandoned the homestead is a question of intent. *Id.* at 886. In *In re Grindal*, the Court stated:

> The primary factor is the debtor's intention on the filing date. A debtor who does not actually occupy the homestead on the filing date, but who intends to return when circumstances permit, may qualify for the exemption. Conversely, a

U.S.C. § 522(b)(2)(A); *In re Tardiff*, 38 B.R. 974 (Bankr.Me.1984).

debtor who actually occupies the homestead on the filing date, but who intends to sell it and not purchase another home, may not qualify for the exemption.

30 B.R. 651, 653 (Bankr.Me.1983) (citations omitted).

■ This Court believes that "occupied" must not be construed so narrowly as to deprive a debtor of a homestead exemption she would be entitled to but for actual physical occupancy. The facts show that the debtor never abandoned the home as her residence. There is no question that the debtor left the home because creditors told her that she was going to lose the house. She did not establish a new homestead. She did not show an absolute and unequivocal intent to abandon. It is undisputed that she intends to return to the house, if allowed the exemption. The Court finds that the debtor never abandoned her homestead and that her intent to occupy the homestead entitles her to claim an exemption.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052. An appropriate order shall enter.

### ORDER

This matter came before the Court on the trustee's objection to the debtor's claim of homestead exemption. For the reasons stated in the memorandum opinion entered herewith,

IT IS ORDERED that the trustee's objection is overruled. The debtor's homestead exemption is allowed.