**In re Charles Robert JEFFERSON, Debtor.**

**No. 7–91–00640 RL.**

United States Bankruptcy Court,
D. New Mexico.

Nov. 30, 1993.

Anthony Avallone, Las Cruces, NM, for debtor.

Lloyd Bates, Las Cruces, NM, for Martha Gale Jefferson Mustoe.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

STEWART ROSE, Bankruptcy Judge.

### Findings of Fact

1. On or about November 10, 1980, the debtor Charles R. Jefferson, Jr., purchased Lots 1–6, Block 46, at 5th and Main in Organ, New Mexico (the "property").

2. At the time debtor purchased the property, he executed a mortgage to Government Employees Credit Union of El Paso in the amount of $19,800.

3. On or about August 19, 1985, debtor again executed a mortgage on the property to the Credit Union in the amount of $6,500.

4. At the time of the bankruptcy petition, the balance due on both mortgages was $11,-617.05.

5. Between the time of executing the mortgages and filing this bankruptcy case, Mr. Jefferson married and subsequently divorced Martha Gale Jefferson, now Mustoe, a creditor and objector to debtor's claim of exemption.

6. In the divorce decree Ms. Mustoe received judgment in the amount of $17,850.00 to equalize the property division.

7. The recording of the divorce decree created a judicial lien on the property.

8. Debtor now seeks to avoid the lien pursuant to 11 U.S.C. § 522(f) and creditor Mustoe objects to debtor's claim of exemption as to four of the six lots.

9. Because the judicial lien was not created simultaneously with the division of property by the spouses, the ruling in *Farrey v.*

*Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), has no application here.

10. Located on the property are a trailer used by debtor as a dwelling house, a shop building, and two other trailers which debtor has rented from time to time.

11. The applicable homestead exemption statute, N.M.Stat.Ann. § 42–10–9 (Michie 1978 & Cum.Supp.1990), in effect at the time of debtor's petition reads as follows:

Each spouse, widow, widower or person who is supporting another person shall have exempt a homestead in a dwelling house and land occupied by him or in a dwelling house occupied by him although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption. Such a person has a homestead of twenty thousand dollars ($20,000) exempt from attachment, execution or foreclosure by a judgment creditor and from any proceeding of receivers or trustees in insolvency proceedings and from executors or administrators in probate. If the homestead is owned jointly by two persons each joint owner is entitled to an exemption of twenty thousand dollars ($20,000).

12. The parties have presented no evidence whether the trailer used as a dwelling house is attached to, or is part of, the realty.

13. If the trailer is not part of the realty, it remains personalty and the judicial lien did not attach to it.

14. Whether or not the trailer is part of the realty, the debtor is entitled to claim it as exempt.

15. The shop building is part of the realty.

16. The two rental trailers are not part of the realty because debtor did not claim them as exempt and they were sold back to the debtor by the trustee.

17. The trailer used as a dwelling house is situated on Lots 1–3, the shop building is situated on Lots 3–5, and the rental trailers are situated on Lots 5 and 6.

18. The combined value of the trailer used as a dwelling house, the shop building, and the realty does not exceed the balance due on the mortgages plus the exemption claimed.

*Conclusions of Law*

1. The debtor is entitled to the claimed homestead exemption only if the dwelling house and land were occupied by him at the time of the petition. N.M.Stat. Ann. § 42–10–9.

2. Because the exemption allowed in the statute is limited by value and not by size of the property, the objection with respect to multiple contiguous lots is not supported by the law.

3. The language in the statute does not resolve the question whether placing two rental trailers on the land defeats the occupancy requirement or constitutes abandonment by the debtor.

4. This Court is therefore required to "measure the character of possession", *Corn v. Hyde,* 26 N.M. 36, 41, 188 P. 1102, 1103 (1920), of the property claimed exempt by the debtor.

5. The homestead exemption statute is to be construed liberally to the debtor's benefit. *Ruybalid v. Segura,* 107 N.M. 660, 666, 763 P.2d 369, 375 (Ct.App.1988).

6. The statutory phrase " 'occupied' must not be construed so narrowly as to deprive a debtor of a homestead exemption she would be entitled to but for actual physical occupancy." *In re Wells,* 132 B.R. 966, 968 (Bankr. D.N.M.1991)

7. The nearly unanimous weight of authority applied to facts most similar to those above, absent specific limiting statutory language, holds that incidental quasi-commercial use of property, as here, does not defeat the claim of exemption. *In re Makarewicz,* 130 B.R. 620 (Bankr.S.D.Fla.1991); *Roche v. Du-Bois,* 223 Wis. 438, 271 N.W. 84 (Wis.1937); *O'Brien v. Johnson,* 275 Minn. 305, 148 N.W.2d 357 (1967); *In re Corbly,* 61 B.R. 843 (Bankr.D.S.D.1986); *Schroeder v. Ely,* 161 Neb. 262, 73 N.W.2d 172 (1955); *In re Millsap,* 122 B.R. 577 (Bankr.D.Idaho 1991); *In*

*re Wells*, 29 B.R. 688 (Bankr.D.Colo.1983); *Budde v. Drawhorn*, 110 S.W.2d 929 (Tex. Civ.App.1937); *In re Rashid*, 97 B.R. 610 (W.D.Okla.1989); *McKay v. Gesford*, 163 Cal. 243, 124 P. 1016 (1912) *Contra In re Dudeney*, 159 B.R. 1003 (Bankr.S.D.Fla.1993).

8. Debtor is entitled to an Order overruling the Objection to Amended Claim of Exemption and granting the Motion to Avoid Judgment Lien.